THE BUFFALO CATHOLIC INSTITUTE, Appellant, *v.* MATILDA BITTER as Administratrix, etc., et al., Respondents.

The complaint herein alleged that W., by written instrument, under seal, agreed to sell and convey to plaintiff, and the latter agreed to purchase certain premises, and a specific performance of the contract was asked for. A copy of the contract was set forth in the complaint. It was between W., of the first part, and F., "president" of the second part. By it "the said party of the first part" agreed to sell and convey the premises to "the said party of the second part," and the latter agreed to pay the purchase-price, a portion cash and the balance "to be secured by a bond and mortgage upon the property * * * on condition that the Buffalo Catholic Institute will accept and approve this purchase and its terms." The contract was signed by F., with the addition to his name

of the words, "president of Buffalo Catholic Institute." The complaint alleged tender of performance by plaintiff and refusal by W. On demurrer to the complaint, *held*, that the contract set forth was the contract of F., not of the plaintiff; that the averment that W. agreed to sell and plaintiff to purchase was simply one as to the legal effect of the instrument set forth, and was not admitted by the demurrer; and that, in the absence of averments, that F. was plaintiff's president, or agent, and made the contract as such, the demurrer was properly sustained.

As to whether the contract could be helped by such averment, so as to entitle plaintiff to a specific performance, *quære*.

(Submitted December 21, 1881; decided December 15, 1881.)

Appeal from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made October 5, 1880, which affirmed a judgment in favor of defendants, entered upon an order sustaining a demurrer to plaintiff's complaint.

The action was brought originally against Henry Weisser, defendant's intestate, and was for a specific performance of a contract. The complaint alleged, in substance, that on October 8, 1872, Weisser, who was the owner of certain premises, " by an instrument under his hand and seal, agreed to sell and convey to the plaintiff, The Buffalo Catholic Institute, the said lands and premises, and on that day the plaintiff, by the said instrument, agreed to purchase the same from the said Weisser for the sum of $10,600, by it, the plaintiff, to be duly paid to the said Weisser according to the terms of the said instrument.

" That the said agreement or instrument reads as follows, to-wit : ' Articles of agreement, made this eighth day of October, in the year of our Lord, one thousand eight hundred and seventy-two, between Henry Weisser of Buffalo, N. Y., of the first part, and Charles V. Fornes, president, of the same place, of the second part, witnesseth : That the said party of the first part hath agreed to sell and convey, and doth hereby agree to sell and convey, to the said party of the second part, his legal representatives, all that certain piece or parcel of land      *      *      *      *      *      *      * .

"This agreement is upon the express condition, viz. :  The said party of the second part shall first pay to the party of the first part, or his legal representatives, the full sum of $10,600 in the manner following, that is to say :  On or before the 1st day of November, 1872, the sum of $4,500; on or before the 1st day of May, 1873, the further sum of $500 ; and the balance of $5,600 payable in twelve equal annual installments, with interest from the 1st day of May, 1873, to be secured by a bond and mortgage upon the property above described. Deed and title all clear, to be given November 1 next.  It is expressly understood and agreed that this agreement is made on condition that the Buffalo Catholic Institute will accept and approve of this purchase and its terms and agreement, on or before November 1 next, and it is especially agreed that said Weisser is to pay interest on the payments made November 1 to May 1, 1873, to the said party of the second part. ` * * Provided the aforesaid sum shall be paid with interest, at the times and manner above mentioned, the said party of the first part covenants that he will convey to the party of the second part and his legal representatives the above-described premises, by a good and sufficient deed, containing. a covenant of warranty as aforesaid." * * *

"In testimony whereof, the said parties have hereunto interchangeably set their hands and seals, the day and year first above written.

"H. WEISSER.    [L. S.]
"CHARLES V. FORNES. [L. S.]

"Signed, sealed and delivered in presence of } " *Pres. of Buffalo Catholic Inst.*

The complaint further alleged that plaintiff before the day named, duly satisfied, accepted and approved the purchase and its terms, and performed and tendered full performance, but that Weisser refused to perform.

*Delavan F. Clark* for appellant.  A written agreement, that is not by law required to be sealed, executed by an agent

in his own name, and sealed, may be enforced by and in the name of the principal, when such instrument discloses upon its face that it was executed for the benefit or on behalf of such principal, and it was by him duly ratified and confirmed. (*Haight* v. *Sahler*, 30 Barb. 218 ; *Evans* v. *Wells*, 23 Wend. 324, 340, 341 ; *Randall* v. *Van Vechten*, 19 Johns. 60 ; *Tenney* v. *East Warren Lumber Co.*, 43 N. H. 343 ; 1 Parsons on Contracts, 47 ; *Worrall* v. *Munn*, 1 Seld. 229 ; *Kierstead et. al.* v. *Orange & A. R. R. Co.*, 69 N. Y. 343 ; *Briggs* v. *Partridge et al.*, 64 id. 357 ; *Schaefer* v. *Henkel*, 75 id. 378, 383.) Upon the ratification by the plaintiff of Fornes' act in purchasing this property under the agreement, the corporation adopted the seal attached thereto as its seal, and it thereupon became its deed. (*Gram* v. *Seton*, 1 Hall, 280–285.) In equity, Weisser is bound to the plaintiff, notwithstanding the contract was irregularly executed. (*Tenney* v. *East Warren Lumber Co.*, 43 N. H. 353 ; *Vanada* v. *Hopkins*, 1 J. J. Marshall [Ky.], 285, 296 ; *Banks* v. *Sharp*, 6 id. 180 ; *Johnson* v. *Johnson*, 1 Dana [Ky.], 364 ; *Welsh* v. *Usher*, 2 Hill's Ch. [S. C.] 167 ; *Mech's Bk. of Alexandria* v. *The Bk. of Columbia*, 5 Wheat. 326 ; *Lacy* v. *Dubuque Lumber Co.*, 43 Iowa, 510 ; *Giddens* v. *Byers*, 12 Texas, 75 ; *Van Schaick* v. *Third Ave. R. R. Co.*, 38 N. Y. 346 ; *Peters* v. *Delaplaine*, 49 id. 371–372 ; Adams' Eq. 78–85 ; Story's Eq., § 761.) A contract will not be specifically enforced, unless it is certain in its terms, or can be made certain by reference to such extrinsic facts as may, within the rules of law, be referred to, to ascertain its meaning. (*Stanton* v. *Miller*, 58 N. Y. 200.) If, from the facts alleged, the court cannot see with certainty that Fornes executed this contract for the plaintiff, proof of extrinsic facts may be given, to aid the court in determining what is meant by the contract. (*Mech's Bk. of Alexandria* v. *Bk. of Columbia*, 5 Whart. 326 ; *French* v. *Carhart*, 1 Comst. 102.) Plaintiff has not lost his right to the aid of this court to enforce specific performance of this contract by *laches* in bringing the suit. (Story's Eq. [12th ed.], § 64 *a ;* Code of Procedure, § 97 ; *McCotter* v. *Lawrence*, 4 Hun, 107 ;

*Peters* v. *Delaplaine*, 49 N. Y. 362; *Baird* v. *Smith*, 44 id. 618.) The discretion of the court in ordering specific performance is governed by settled rules; and when a plaintiff is seeking relief, to which, by such rules, he is clearly entitled, and no substantial defense is established, the relief may not be capriciously denied. (*Brown* v. *The Irish Pres. Church*, 6 Bosw. 245.) The defendants are not entitled to raise the question of *laches* in bringing the action upon a demurrer to the complaint. (*McDowell* v. *Charles*, 6 Johns. Ch. 137; *Dias* v. *Bouchard*, 10 Paige, 462; *Denston* v. *Morris*, 2 Edw. Ch. 45; *Sands* v. *St. John*, 36 Barb. 628; affirmed, 29 How. Pr. 574; Code of Procedure, § 74; *Buckley* v. *Buckley*, 2 Day [Conn.], 363.)

*Day & Romer* for respondents. A party contracting with another cannot be compelled to accept the performance of the contract at a third party's hands. (*Henretty* v. *McGuire*, 6 N. Y. Weekly Dig. 393.) The acceptance of the Buffalo Catholic Institute could not release Fornes from [his covenants, but would simply make them binding. (*Kiersted et al.* v. *Orange & Alexandria R. R. Co.*, 69 N. Y. 343.) Although the complaint alleged that the contract was made by the plaintiff with Henry Weisser, as this allegation was not sustained by the written contract set up in the complaint, it amounted to nothing. (*Bonnell* v. *Griswold*, 68 N. Y. 294; *Lange* v. *Benedict*, 73 id. 12; *Kinnier* v. *Kinnier*, 45 id. 535; *United States* v. *Ames*, 99 U. S. 35, 45; *Hartford & N. Y. Steamboat Co.* v. *Mayor, etc., of N. Y.*, 78 N. Y. 1; *Argall* v. *Pitts*, id. 239.) A court of equity, in decreeing the specific performance of contracts, must ascertain that they are certain in their terms, and are just and fair in all their parts. It is not a matter of right, but of sound discretion. (*Stanton* v. *Miller*, 58 N. Y. 192–200; *Sherman* v. *Wright*, 49 id. 227; *Pearce* v. *Walls*, 15 Eng. [Moak's ed.] 457; *Bigler* v. *Morgan*, 77 N. Y. 312.) Where a writing is made necessary, to answer the requirements of the statute of frauds, it cannot be altered or varied by parol. (Smith on Contracts, 93; *Gross* v. *Ld. Nu-*

gent, 5 Barn. & Ad. 56 [27 E C. L.] ; Piatt's Adm'rs v. U. S., 22 Wall. 496, 506 ; Briggs v. Partridge, 64 N. Y. 357 ; Williams et al. v. Gillies, 75 id. 197, 202 ; Schaefer v. Henkel, id. 378.)    The laches of the plaintiff in bringing this action is such as to bar it of the aid of the court in seeking specific performance of the contract, if it had any rights thereunder.   (Fry on Specific Performance of Contracts, 422, § 730 ; Pomeroy on Specific Performance of Contracts, § 408 ; Davidson, Trustee, etc., v. The Associates of the Jersey Co., 71 N. Y. 333.)

ANDREWS, CH. J.   We think this case was well decided upon the ground stated in the opinion of DANIELS, J., at Special Term.    The contract of sale was between Weisser, and Fornes.   It commences, " Article of agreement between Henry Weisser of the first part, and Charles V. Fornes, president, of the second part," and is signed and sealed by the parties, Fornes, adding to his signature the words " president of Buffalo Catholic Institute."    The contract contains a provision that it is made on condition " that the Buffalo Catholic Institute will accept and approve of this purchase, and its terms and agreement, on or before November first next." The addition of the word *president*, to the name of Fornes, in the body of the instrument, or its execution by him, in his name, with the words " president of Buffalo Catholic Institute " added, did not make it the contract of the corporation. These additions, are *descriptio personæ*, merely. The covenants on the part of the purchaser are his personal covenants. The party of the second part covenants to pay as provided, and to secure the purchase-money unpaid, when the deed is given, by his bond and mortgage on the premises, for this is the clear meaning of the clause " to be secured by a bond and mortgage upon the property." The covenants by the vendor, are covenants with Fornes ; the agreement is with the " party of the second part," and the conveyance is to be made to the " party of the second part, and his legal representatives." The clause making the contract conditional,

upon the acceptance and approval of the purchase by the Buffalo Catholic Institute, furnishes ground for an inference, that Fornes, was assuming to act for the plaintiff, but does not make the contract on its face, the contract of the plaintiff. The condition being met, still, the final execution of the contract, would, according to its terms, be between Weisser, and Fornes. Weisser, would be bound to convey to Fornes, and the latter would be bound to pay as provided, and to secure the time payment by his bond and mortgage. The question here arises on demurrer to the complaint. The complaint alleges that Weisser, by an agreement under his hand and seal, which is set out *in hæc verba*, agreed to sell and convey, etc., and that the plaintiff, by the same contract, agreed to buy, etc., and then alleges performance, and tender of performance, by the plaintiff, and refusal to perform by Weisser, and that the plaintiff is the equitable owner of the land, and demands specific performance, with a prayer for general relief. There is no averment, that Fornes was president of the plaintiff, or its agent, or made the contract as such, or that it was intended as a contract between Weisser, and the plaintiff. The averment that the defendant, by the contract set forth, agreed to sell, and the plaintiff to purchase, is simply an averment of the legal effect of the written instrument, and is not admitted by the demurrer. (*Kinnier* v. *Kinnier*, 45 N. Y. 535 ; *Bonnell* v. *Griswold*, 68 id. 294; *United States* v. *Ames*, 99 U. S. 35.) We think the demurrer is well taken, and it is unnecessary to decide whether the written instrument might not be helped out by averment, so as to entitle the plaintiff to relief by way of specific performance.

The judgment should be affirmed.

All concur.

Judgment affirmed.