# SUPREME COURT.

JOHN FISCHER agt. J. C. JULIUS LANGBEIN and GEORGE F. LANGBEIN.

*Action against attorneys for false imprisonment — Not liable for error of court where there is jurisdiction of the person and of the subject-matter and the process is regular upon its face.*

Where a court has jurisdiction of the subject-matter of the action and of the person, and the papers presented by the attorney are regular upon their face, and the court after consideration, and after hearing and acting judicially upon the papers, grants the application, and the same

is afterwards set aside and vacated upon the ground of error in the court, such error of the court is not only a protection to the attorney, but to every other person for acts done under such erroneous process, and the attorney is not liable therefor.

*First Department, General Term, August,* 1883.

*Before* DAVIS, *P. J.,* BRADY *and* DANIELS, *JJ.*

APPEAL from a judgment at a special term before the court and jury dismissing the plaintiff's complaint. The action was brought to recover the sum of $30,000 damages against the defendants, who are attorneys and counselors at law, for false imprisonment. The complaint alleges that the imprisonment was malicious, unlawful and wrongful. No malicious acts on the part of the defendants against the plaintiff were proven on the trial, and Mr. justice LAWRENCE in dismissing the complaint at the special term in his opinion stated that if any wrong was done to the plaintiff in the case, it seemed to him to have proceeded from the error of a judicial tribunal for which an attorney and counselor could not and ought not to be held liable ; and that it appeared from the testimony in the case that not only was the course of the Messrs. Langbein predicated upon the action of the court of common pleas, but it was certainly sustained by the judicial determination of two justices of the supreme court, presiding justice DAVIS and judge BRADY.

For the pleadings in this action, and a more complete statement of the facts, together with the opinion of the special term justice and the briefs of the counsel, see the case reported in 62 *Howard's Reports,* 238.

*Henry Wehle, Charles H. Jordan* and *Charles Wehle,* for plaintiff, appellant.

*C. Bainbridge Smith,* of counsel.

*Jesse K. Furlong,* for defendant, respondent, J. C. Julius Langbein.

*George F. Langbein,* attorney for defendant, respondent, George F. Langbein.

*Ex-Judge Albert Cardoza,* of counsel.

BRADY, *J.* — The appellant was a member of the " Kranken Understutungs Verein Deutsche Tren and Eungkeit," and commenced an action in the court of common pleas against the individual members of the association to dissolve it, and applied for an injunction to restrain the disposition of its funds. Upon such application he was met by the affidavits of forty-two members of the society, represented by J. C. Julius Langbein, as attorney of record. The plaintiff, through his counsel, thereupon charged that these forty-two members who had made affidavits, being Germans and unacquainted with the English language, were misled in signing and swearing to their affidavits containing averments prejudicial to his application, and it was agreed that the truth or falsity of this charge should determine whether he should or should not pay the referee's fees. If the forty-two members, or a majority of them, swore that they made the statement which appeared in the affidavit, the plaintiff was to pay the fees. An order of reference, containing that provision in substance, was thereupon entered by consent. The learned justice who made the order in a subsequent proceeding, said in reference to it: " Knowing the expense and vexation to parties of reference to determine disputed facts arising in the course of a motion, I endeavored to dissuade counsel from his course, but the course was taken upon the strict agreement as to paying the expense which is embodied in the order of September 17, 1878, directing the reference."

The referee, after a bitter contest, and it seems a protracted and tedious litigation, found in favor of the defendants. His fees were $130. Due notice was given that his report was ready for delivery. The plaintiff, however, neglected to take it up; whereupon, upon application by the defendants' attorney, an order was made requiring the plaintiff to pay to the

Fischer agt. Langbein.

referee his fees within three days, or show cause why he should not be committed, and the injunction vacated, and the motion for injunction and the appointment of a receiver denied, and his proceedings stayed until such fees were paid. The plaintiff was heard upon the return of the order to show cause; and the learned judge presiding expressed, in an elaborate opinion, his views upon the subject, and determined that the commitment should issue, which was accordingly done on the 4th day of December, 1878. On the 5th day of December, 1878, the plaintiff obtained a writ of *habeas corpus*, which was returnable at a special term, and an order was made on the seventh day of December, two days subsequent, dismissing it, with costs, and remanding the plaintiff. The opinion of the court was expressed upon the subject, and declared that the relator desired a reference for a particular purpose, and it was granted on his stipulating to pay the referee's fees in a certain contingency; that the event had occurred, and the court had directed the payment of the fees, in accordance with the compact made; that he refused or declined to pay, and for this contempt was committed. And it was held that the power of the court to commit under the circumstances admitted of no doubt, that the expensive process was adopted as a favor to the relator on his promise to pay, and he was bound to keep it.

On the 27th day of December, 1878, the plaintiff obtained another writ of *habeas corpus* which was also dismissed and the plaintiff remanded to jail.

It appears further that in March, 1879, the general term of the court of common pleas reversed the order of commitment upon the ground that the right to do so of the clerk of the defendants' attorney's, who made the demand for the payment of the referee's fees, was not exhibited. " But," the court added, " in view of the bad faith exhibited on his side, we shall not award costs to the plaintiff; and we make it a part of the terms of reversal, that the plaintiff shall stipulate not to bring any action on account of his imprisonment. The stipulation.

must be handed up with the proposed order of reversal. The stipulation was not given, and the court affirmed the order. The plaintiff then appealed to the court of appeals, where the order was reversed. Subsequently this action was brought against the defendants, as the attorneys and counsel for defendants in the original suit, to recover damages for false imprisonment. Upon the trial the facts thus stated appeared, with others to which it is not deemed necessary to refer, and the complaint was dismissed.

The action is predicated upon the proposition that the process of commitment was absolutely void, and it is supposed that the court of appeals, on the appeal just referred to, so declared. It is not understood that the opinion proceeded to any such length. The court said at the conclusion of the opinion delivered:

" So far as appears in the papers before us, the sole purpose of the proceeding was to compel the payment for the benefit of the referee, as the defendants were not liable to pay him. The plaintiff ought to pay the referee, but this is not the remedy to compel such payment.

" Before a party can be imprisoned for contempt, a reasonably clear case, upon the law and the facts, should be made, and it is quite certain that such a case was not made here."

And the court then said : " Therefore, without passing upon the particular points determined at the general term, we are of opinion that the order of the special and of the general term should be reversed, with costs on the appeal to this court, to the appellant."

The effect of the stipulation upon which the court below proceeded, and which influenced the judgment of the court on the first application to be discharged, does not seem to have received any particular consideration in the court of appeals, although it is regarded a very vital element in the whole proceeding.

The court of appeals is, therefore, regarded as having declared the process to have been erroneously issued. The jurisdic-

Matter of Brown.

tion of the court of common pleas in the action pending before it cannot be questioned, nor can the power of the court to punish by commitment in a proper case. The court of appeals held simply that the process was erroneously issued, and there is no suggestion anywhere that it was absolutely void. And having been erroneously issued, there can be no question that the imprisonment under it could be justified ; and more particularly because it was issued upon an application to the court and allowed after due deliberation by the court to which application for it was made.

In reference to the right to justify under erroneous process, see *Day* v. *Bach* (87 *N. Y.*, 256), in which the subject is fully and elaborately discussed ; and as to the effect of process issued upon due deliberation, see *Landt* v. *Hilts* (19 Barb., 283).

For these reasons, in addition to those which were assigned by the learned justice at the time of the dismissal of the complaint, it is thought that the judgment should be affirmed.

DAVIS, P. J., and DANIELS, J., concur.