Barnard, P. J.
The complaint avers an agreement between the parties which is set forth at length and annexed to the complaint. By the agreement itself the defendant’s name purports to have been signed by the defendant through Edward A. Lovell. It is a fact of no consequence that the signature was made by another than the defendant herself. The complaint avers it to be her act and she admits the fact by the demurrer. The case is not like the Buffalo Institution v. Bitter (87 N. Y., 250. The contract in that case was made with, and signed by one Formes as president of the institution.
The court held that the contract was one between individuals and that the words as president did not bind the institution but that they were descripta persones. The con-contract itself was made upon the condition that the institution would accept and approve the purchase. Here the contract is between the two parties. It is in writing. It is signed by both of them and has been fully executed by the payment of a portion of the purchase money. A tender has been made of the remainder and a deed demanded, which has been refused. If the attorney had no power, that must be averred by way of answer. The complaint, besides this, avers a part payment of the purchase money, and an acceptance by her in part payment of the purchase money therein described. This ratified an unauthorized signature. If she knew of the agreement being made in her name and took the benefits of it, she is. bound by the agreement.
Judgment affirmed, with costs.
Pratt and Dykman, JJ., concur.