MORRIS GREENHILL, Appellant, *v.* EUGENE DELANO and Others, Individually and as Copartners, Doing Business under the Firm Name and Style of BROWN BROTHERS & Co., and Others, Respondents, Impleaded with CENTRAL TRANSPORTATION COMPANY and Another, Defendants. (Action No. 1.)

First Department, November 12, 1920.

Carriers — contract for transportation of goods to foreign country — agreement as to time when carrier's charges shall be deemed fully earned — when answer alleging that carrier had right to unload goods short of destination under terms of bill of lading not subject to demurrer — remedy where answer is indefinite and uncertain — limitation of action agreed upon by parties — when answer asserting agreed limitation not subject to demurrer — determination of reasonableness of limitation.

A provision in a contract to transport goods from New York to a foreign country to the effect that the carrier's charges " shall be deemed fully earned and due and payable to the carrier at any stage before loading " is valid.

Where the plaintiff sues to recover damages because the carrier, having agreed to transport the goods to France, unloaded them from the ship at Halifax, and the defendant alleges that it had a right to do so under the terms of the bill of lading, but does not specify which clauses of the bill of lading justified its action, the plaintiff's remedy is not by a demurrer but by a motion to make said answer more definite and certain.

The parties to a contract may agree to a shorter limitation of time within which an action thereon may be brought than that provided by statute if the agreed limitation is reasonable. Hence, where a bill of lading for the carriage of goods to a foreign country provided that no suit against the carrier should be maintained unless commenced within six months after delivery of goods to the carrier, and that the lapse of such period shall be deemed a complete bar to recovery in any suit not sooner commenced, an answer setting up that the plaintiff's action was not begun within the agreed period of limitation is not subject to demurrer.

Whether or not such limitation is reasonable is a question of law and depends upon the conditions and circumstances existing when the contract was made.

But in the absence in a pleading of any allegations showing such conditions or circumstances, the court will not pass upon the reasonableness of the agreed limitation upon a demurrer to the defense, but will leave it to be determined in the first instance by the trial judge.

DOWLING, J., dissents.

APPEAL by the plaintiff, Morris Greenhill, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of June, 1920, as overruled on the pleadings the demurrer interposed by the plaintiff to the " first " separate and independent defense set up by the answer of the several defendants now and formerly constituting the firm of Brown Brothers & Co.

*Henry M. Stevenson,* for the appellant.

*Ray Rood Allen* of counsel [*Burlingham, Veeder, Masten & Fearey,* attorneys], for the respondent Brown Brothers & Co.

GREENBAUM, J.:

The complaint alleges the making of a contract between plaintiff and defendant Central Transportation Company, dated August 7, 1918, wherein the latter agreed to transport a cargo of celluloid belonging to the plaintiff from New York to Rochefort, France, on board the steamship *Julienne* upon the payment of freight, subject to certain specified deductions; that the goods were delivered and loaded on the " S. S. *Julienne* " prior to August 9, 1918, the day the steamship sailed from the port of New York; that payment of freight specifying the amount thereof was duly made to the defendant Brown Brothers & Co., pursuant to the provisions of the contract between the plaintiff and the transportation company; that on or about November 29, 1918, plaintiff was notified that his cargo would be unloaded at Halifax, and that between that day and December 9, 1918, inclusive, the cargo was unloaded on a wharf at Halifax without the plaintiff's consent.

The complaint also alleges various items of disbursements necessarily incurred or paid by reason of the alleged unauthorized unloading at Halifax and sets forth certain facts showing the relations between the defendant Brown Brothers & Co. and Central Transportation Company upon which plaintiff bases his claim that the defendant Brown Brothers & Co. is liable to him as an undisclosed principal of the Central Transportation Company for the damages sustained by plaintiff by reason of the unloading at Halifax. Defendant Brown

Brothers & Co. under its first separate and independent defense alleges certain provisions of the bill of lading issued to the plaintiff for said cargo known as articles 5, 12, 13 and 24, respectively, which are set forth in full followed by an allegation which reads: " *Thirty-Second:* Upon information and belief, the *Julienne* was prevented by one or more of the causes mentioned in articles 12 and 13 of said bill of lading from carrying said goods to destination. No suit or proceeding was brought with respect to the goods referred to in said bill of lading within six months after delivery of the goods to the carrier or to the *Julienne*. By reason of the premises these defendants are not liable for the matters alleged in the complaint."

Article 5 is a provision to the effect that freight and other specified compensation and charges that might arise " shall be deemed fully earned and due and payable. to the carrier at any stage before loading." Such an agreement has been held to be valid. (*Allanwilde Corp.* v. *Vacuum Oil Co.*, 248 U. S. 377; *International Paper Co.* v. *The Gracie D. Chambers*, Id. 387; *Standard Varnish Works* v. *The Bris*, Id. 392.) Article 12 restricts the liability of the carrier for loss or damage due to many enumerated causes and article 13 provides in effect for the assumption by the shipper of the risk and loss and damage sustained " in the event that any belligerent government shall restrain the ship from proceeding to or towards any port of delivery," etc.

There is a total absence of any allegation of fact from which one may glean which of the causes set forth in articles 12 and 13 justified the carrier's action in unloading the cargo at Halifax. But as to that, the remedy is by motion to make definite and certain and not by demurrer. The remaining portion of. the defense relates to article 24, which reads as follows: " 24. * * * The carrier shall not, in any event, be liable for any claim or demand arising hereunder or in respect of the goods, unless notice of the claim be presented in writing to the carrier within thirty days after delivery of the goods to the carrier. No suit or proceeding to recover for or upon any claim or demand shall be maintained against the carrier or vessel or owners thereof, unless commenced within six months after delivery of the goods to the carrier, and the lapse of such period shall be deemed a complete bar to recovery in any

such suit or proceeding not sooner commenced, notwithstanding the carrier may be a non-resident or a foreign corporation. Nothing shall be deemed a waiver of the provisions of this article except a written express waiver signed by the carrier."

It may be fairly argued that the " thirty days " limitation is a broad, all-embracing provision which would bar the shipper under all circumstances from maintaining a suit upon any demand or notice of claim given after the lapse of thirty days from the date of the delivery of the goods to the shipper and that the paragraph following containing the six months' limitation refers to a claim, notice of which was given within thirty days after delivery of the goods to the carrier.

By the 32d paragraph, however, the pleader seems to have limited the defense to plaintiff's failure to bring the action within six months after the delivery of the goods to the carrier since there are no allegations which refer to the thirty days' limitation. It may be that if the defense relied upon the latter limitation, we might say in view of the fact that the unloading complained of took place more than three and a half months after the delivery of the cargo to the carriers, that such a stipulation was unreasonable and unenforcible. But inasmuch as the defense relates only to the six months' limitation, a different question arises. The parties to the contract may agree upon a shorter limitation of time than that provided by the statute provided the agreed limitation is reasonable. This question is considered in *Missouri, Kansas & Texas Railway* v. *Harriman* (227 U. S. 657, 672) in which the court said: " The policy of statutes of limitation is to encourage promptness in the bringing of actions, that the parties shall not suffer by loss of evidence from death or disappearance of witnesses, destruction of documents or failure of memory. But there is nothing in the policy or object of such statutes which forbids the parties to an agreement to provide a shorter period, provided the time is not unreasonably short. That is a question of law for the determination of the court. Such stipulations have been sustained in insurance policies. *Riddlesbarger* v. *Hartford Insurance Co.*, 7 Wall. 386. A stipulation that an express company should not be held liable unless claim was made within ninety days after a loss was held good in *Express Company* v. *Caldwell*, 21 Wall.

264. Such limitations in bills of lading are very customary and have been upheld in a multitude of cases. We cite a few: *Central Vermont Railroad* v. *Soper* (1st C. C. A.) 59 Fed. Rep. 879; *Ginn* v. *Ogdensburg Transit Co.* (7th C. C. A.) 85 Fed. Rep. 985; *Cox* v. *Central Vermont Railroad,* 170 Massachusetts, 129; *North British, &c. Insurance Co.* v. *Central Vermont Railroad,* 9 App. Div. (N. Y.) 4, affd. 158 N. Y. 726. Before the Texas and Missouri statutes forbidding such special contracts, short limitations in bills of lading were held to be valid and enforceable. *McCarty* v. *Gulf etc., Ry.,* 79 Texas, 33; *Thompson* v. *Chicago, etc., Ry.,* 22 Mo. App. 321. See cases to same effect cited in 6 Cyc. p. 508. The provision requiring suit to be brought within ninety days is not unreasonable."

The stipulation in the bill of lading in the *Harriman Case* (*supra*) was as follows: " No suit shall be brought against any carrier, and only against the carrier on whose line the injuries occur, after the lapse of 90 days from the happening thereof, any statute or limitation to the contrary notwithstanding."

The court held that the provisions limiting the time for commencing an action within ninety days after the happening of the injury or damage claimed was not an unreasonable one. All but one of the cases cited by the court refer to a contract where the limitation agreed upon by the parties began from the date when the claim accrued and not from the date when the goods were delivered to the carrier.

The one exception is *Express Company* v. *Caldwell* (21 Wall. 264) where a ninety days' limitation from the time of the delivery of the freight to the company was prescribed for the presentation of claims. The court there held that since only one day was necessary for the delivery of the goods by the company such a limitation was reasonable.

Whether or not the limitation expressed in the contract is reasonable is a question of law and depends upon the conditions and circumstances existing when the contract was made. It seems to me that in the absence in a pleading of any allegations showing such conditions or circumstances, this court should not pass upon the question of reasonableness upon a demurrer to the defense but leave it in the first instance to the trial justice to pass upon, after all the facts have been developed upon the trial.

The point made by the appellants that the defense in any event is only available to the carrier and not to the defendant Brown Brothers & Co., is not well taken. The theory upon which the plaintiff seeks to hold that firm liable was that it was the undisclosed principal of the transportation company. If that be so, it follows that the provisions of the contract of affreightment in the name of the transportation company must be deemed to apply to Brown Brothers & Co. as well as to the plaintiff.

The order overruling the demurrer is affirmed, with ten dollars costs and disbursements, with leave to the plaintiff to withdraw the demurrer upon payment of said costs.

CLARKE, P. J., SMITH and PAGE, JJ., concur; DOWLING, J., dissents.

Order affirmed, with ten dollars costs and disbursements, with leave to plaintiff to withdraw demurrer on payment of said costs.