MORRIS GREENHILL, Appellant, v. EUGENE DELANO and Others, Individually and as Copartners, Doing Business under the Firm Name and Style of BROWN BROTHERS & Co., and Others, Respondents, Impleaded with CENTRAL TRANSPORTATION COMPANY, Defendant.   (Action No. 2.)

First Department, November 12, 1920.

Carriers — action for breach of contract to transport goods to foreign country — answer stating good defense — lien of defendant on moneys paid by shipper for transportation.

Where plaintiff, suing to recover for the alleged breach of a contract to transport goods to a foreign country, seeks to recover back moneys paid to one of the defendants to be paid over by it to the representatives of the steamer on which the plaintiff's goods were shipped, but which it is alleged the payee diverted to a purpose not specified, it is a good answer to allege that the moneys were in fact paid over to the representatives of the steamer or were credited to the account of their representatives, and that the defendant payee was entitled to receive and retain and had a lien upon all moneys collected for freight in connection with transportation on the

steamer and was entitled to hold and apply the same in reimbursement of advances made, and that the moneys received from the plaintiff were so applied by the defendant.

DOWLING, J., dissents.

APPEAL by the plaintiff, Morris Greenhill, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of June, 1920, as overruled on the pleadings the demurrer interposed by the plaintiff to the " first " and " second " separate and independent defenses set up by the answer of the several defendants now and formerly constituting the firm of Brown Brothers & Co.

*Henry M. Stevenson,* for the appellant.

*Ray Rood Allen* of counsel [*Burlingham, Veeder, Masten & Fearey,* attorneys], for the respondent Brown Brothers & Co.

GREENBAUM, J.:

The complaint in this action is based upon the same state of facts as those alleged in action No. 1, in which an appeal was argued before us simultaneously with this appeal.* The demurrer in this case is also interposed to the alleged defenses embodied in the answer of the defendant Brown Brothers & Co. No claim is made against the Central Transportation Company in this action. The theory of the complaint is that certain moneys were paid by the plaintiff to the defendant under a contract made with the Central Transportation Company, which defendant, it is alleged, diverted to a purpose not specified. Plaintiff seeks to recover back these moneys on the ground that they were " had and received " by Brown Brothers & Co., which, instead of being paid by that company as stipulated in the contract, to the representatives of the steamship on which the goods were shipped, were appropriated to its own use.

The first defense is a repetition of the defense the demurrer to which we held was properly overruled in the court at Special Term in action No. 1.

It is, therefore, only necessary to consider the demurrer to the second separate and independent defense, which in effect

---

* See *Greenhill* v. *Delano, No. 1* (193 App. Div. 842).— [REP.

is that all the money which plaintiff alleged was applied to a purpose other than that directed, was in fact paid over by the defendant to the representatives of the steamer or was credited to the account of its representatives.

The defense also contains an allegation that the defendants " were entitled to receive and retain and had a lien upon all money collected for freights or from any other source in connection with said steamer *Julienne*, and were entitled to hold and apply the same in reimbursement of the advances made by these defendants to said owner. All said moneys so received were so applied by these defendants."

The defense on its face seems to be sufficient in law and the demurrer thereto was not well taken.

The order appealed from is affirmed, with ten dollars costs and disbursements, with leave to the plaintiff to withdraw the demurrer upon payment of said costs.

CLARKE, P. J., SMITH and PAGE, JJ., concur; DOWLING, J., dissents.

Order affirmed, with ten dollars costs and disbursements, with leave to plaintiff to withdraw demurrer on payment of said costs.