GELDERMAN v. DOLLAR S. S. LINES, Limited.

No. L–1617.

District Court, E. D. New York.
July 25, 1923.

Neil P. Cullom, of New York City, for plaintiff.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City (Ellis P. Collins, of Utica, N. Y., of counsel), for defendant.

GARVIN, District Judge.

This is a motion by defendant for an order dismissing the complaint following the service by plaintiff of an amplified reply by direction of an order entered herein. The pleadings in their present condition disclose that the action has been brought to recover for an alleged loss of large amounts of coconut oil, shipped from Manilla to New York, on the steamship Grace Dollar, which arrived in February, 1922. The defendant sets up by answer the following defenses, among others:

(1) A failure to comply with the clause of the bill of lading which requires that a written claim be filed at the city of Vancouver within 10 days after delivery.

(2) A failure to comply with the time to sue clause in the bill of lading requiring suit to be begun within 30 days after the presentation of the claim in writing.

Plaintiff admits a failure to comply with both of these requirements, but contends that they are unreasonable and void. The motion must be granted if these provisions are binding.

As asserted by plaintiff, the bill of lading, having been drawn by defendant, must be construed most strongly against it.

The New York Court of Appeals has held in Mynard v. Syracuse, B. & N. Y. R. Co., 71 N. Y. 180, 27 Am. Rep. 28: "It cannot be said that parties, in making such contracts, stand on equal terms. The shipper, in most cases, from motives of convenience, necessity or apprehended injury, feels obliged to accept the terms proposed by the carrier, and practically the contract is made by one party only, and should, therefore, be construed most strongly against him; and especially should he not be relieved from the consequences of his own wrongful acts under general words or by implication."

The power of the court in a proper case to excuse compliance with an unreasonable requirement in a bill of lading is undoubted. The Queen of the Pacific, 180 U. S. 49, 21 S. Ct. 278, 45 L. Ed. 419. But the reasonableness of any limitation of the period within which suit must be brought must be decided as a question of law and in connection with the circumstances existing when the contract was made. Greenhill v. Delano, 193 App. Div. 842, 184 N. Y. S. 617.

The clause in the bill of lading, requiring filing of claim at Vancouver provides as follows: "In no event shall carrier be liable for damages to any article unless the claim therefor shall be presented at its office in the city of Vancouver within ten days after delivery of such articles to the consignee, nor shall said carrier be made liable for the loss of any article, package or goods, unless claim therefor shall be presented in writing at either one of its said offices within ninety days from the issuance of this bill of lading;" and that "no suit on any such claim so presented, or to recover for any such loss or damage, shall be maintained, unless summons

or other process be served on carrier, or steamer be attached, within thirty days from and after the day and date that such claim be so presented."

The complaint is not, however, for damages to any article; in which event, perhaps, plaintiff would have had to file notice of claim at Vancouver, but for loss of property, under which circumstances the claim was properly filed at the New York office of the defendant. No question is involved, therefore, of the reasonableness of this provision.

I have been referred to no authority, nor have I been able to find any reported case, which holds that a 30-day limitation within which to institute suit is reasonable under the conditions surrounding plaintiff's claim. Undoubtedly plaintiff had to ascertain facts from Manilla, by correspondence, estimate his damage, and determine the cause thereof and liability therefor.

The defendant cannot fairly claim that it knew nothing of its liability, for it was fully aware that there had been a loss of cargo, was promptly notified that plaintiff was making claim for such loss, and was advised thereof at the place where the loss was discovered, at which defendant's investigation would naturally originate.

The defendant contends that, if too short a limitation for beginning suit was fixed by the bill of lading, action must be begun within a reasonable time. That is not the law, for no court has ever held, so far as I have been able to discover, that, once it has been held that a time fixed by a bill of lading within which suit must be instituted is unreasonable, the court has any power to determine within what period action must be begun. That is a matter for limitation by the Legislature. The issues should be submitted to the court for determination in the usual manner and on the merits. Motion denied.