BANCO DUGAND, Plaintiff, *v.* INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Defendant.

Supreme Court, New York Special Term, January, 1924.

Principal and surety — bond creating relation of principal and surety — loss accrued on failure of principal to pay draft drawn by plaintiff which entitled plaintiff to sue surety without joining principal — complaint in action against surety commenced after expiration of time limit in bond dismissed — answer of principal in admiralty suit by plaintiff not binding on surety in subsequent action by plaintiff against it — motion to dismiss complaint does not admit correctness of construction by plaintiff of documents incorporated therein.

A bond to indemnify the plaintiff against loss directly caused by the failure of the principal to faithfully reimburse plaintiff for money advanced by the latter to the principal, which provides that " no action, suit or proceeding shall be

had or maintained against the surety under this bond unless it shall be brought or instituted and process served upon the surety within sixty (60) days after the obligees shall have sustained a loss hereunder, and in no event after May 2, 1922," and which further provides that " the obligation of the surety is and shall be construed strictly as one of suretyship only " and that " the liability of the surety under this bond shall apply to commission ' account of freight ' only up to an amount in accordance with the agreement between the said principal and the said obligees, or up to such an amount as agreed upon by a court of competent jurisdiction," creates the relation of principal and surety between the parties and does not constitute an agreement by the surety to indemnify the plaintiff in the event that the principal cannot pay.

The failure of the principal to pay a draft drawn on it by the plaintiff, dated April 1, 1921, constituted a loss within the meaning of the bond which entitled the plaintiff to immediately sue the surety without joining the principal as a party.

The provision of the bond limiting the time in which an action could be brought against the surety was not unreasonable and, therefore, a motion by the defendant to dismiss the complaint should be granted for the failure of the plaintiff to commence his action until long after the time limited. ·

The motion by the defendant did not admit the correctness of the construction placed by the plaintiff upon the documents incorporated in the complaint.

Motion by defendant to dismiss complaint.

*Hunt, Hill & Betts* (*Morris Douw Ferris* and *H. Victor Crawford*, of counsel), for plaintiff.

*Duncan & Mount* (*Joseph K. Inness*, of counsel), for defendant.

Giegerich, J. The plaintiff sues upon a bond given by the defendant (surety) at the request of the Five Continent Steamship Company, Inc. (principal), to indemnify the plaintiff " against loss or damage directly caused by the failure of the principal to faithfully reimburse the said plaintiff (obligee) for any money advanced by the latter for and on behalf of the said principal for the purpose of stevedoring and/or all other charges attributable to it and/or the said commission ' account of freight' * * *, not to exceed five thousand ($5,000) dollars, which said advances and commissions are to apply only to the steamer Hekla * * *." The said bond provides further that " 1. No action, suit or proceeding shall be had or maintained against the surety under this bond unless it shall be brought or instituted and process served upon the surety within sixty (60) days after the obligees shall have sustained a loss hereunder, and in no event after May 2, 1922." A copy of the bond in question is annexed to the complaint, which goes on to allege the making of disbursements by the plaintiff on behalf of the said Five Continent Steamship Company, Inc., of the character contemplated by the said bond during the month of March, 1921; the failure of the Five Continent Steamship Company, Inc., to pay; the bringing of a suit in admiralty against said

steamship company; the interposition of a counterclaim by it; final judgment for plaintiff in the sum of $8,031.36; the issuance of execution thereon and its return unsatisfied on December 26, 1923, and that by reason thereof " plaintiff established and sustained its loss under said bond." The complaint further alleges that the defendant had full knowledge of the aforesaid suit in admiralty and had full opportunity to defend the same, and states further that the intention of the parties to the bond in suit " as to the provision thereof with respect to commencement of action prior to May 2, 1922," was that the said limitation should apply only if the amount due from the principal to the obligee was agreed upon between them or determined by some court of competent jurisdiction prior to May 2, 1922; and further that " defendant, both by the terms of the said bond * * * and by letters to the attorneys for plaintiff, copies of which are annexed to the complaint, * * * required plaintiff to establish its said loss under said bond by action instituted against said Five Continent Steamship Company, Inc." The defendant moves for judgment dismissing the complaint on the ground that it does not state facts sufficient to constitute a cause of action, claiming that it appears on the face thereof (1) that the defendant herein was a surety and not a guarantor or an indemnitor and could be sued immediately the debt became due; (2) that, not having brought its suit within the time limited in the bond, the plaintiff is now barred from bringing such suit; and (3) that the defendant has not waived the limitation of time imposed by said contract. Before entering upon a discussion of these questions it may not be inappropriate to observe that, inasmuch as the bond and certain other documents relied on are by appropriate allegations incorporated into the complaint, the motion for judgment does not admit the correctness of the construction placed upon them by the plaintiff, but only admits the documents themselves. It would appear that such writings are not in any respect ambiguous, and, under the circumstances, the interpretation of the meaning thereof is a mere statement of the conclusions of the pleader. *Buffalo Catholic Institute* v. *Bitter*, 87 N. Y. 250; *Bonnell* v. *Griswold*, 68 id. 294; *Argall* v. *Pitts*, 78 id. 239; *Hamilton Trust Co.* v. *Shevlin, Nos. 1, 2,* 156 App. Div. 307; *Greeff* v. *Equitable Life Assur. Socy.*, 160 N. Y. 19. The first question presented for determination is whether, as claimed by the defendant, the bond established the relation of principal and surety between the parties, or whether, as contended for by the plaintiff, the agreement was in fact one by the defendant to indemnify the plaintiff in the event that the Five Continent

Steamship Company, Inc., could not pay. The bond expressly provides that " 4. * * * the obligation of the surety is and shall be construed strictly as one of suretyship only." The rule is well established that " the office of interpretation is to bring sense out of words used, and not to bring sense into them." *McCluskey* v. *Cromwell*, 11 N. Y. 593, 602. Construing the bond as a whole, it is clear that the defendant undertook a liability as surety and not any other liability. As was said in *McCluskey* v. *Cromwell, supra*, 598: " The principle is well settled that a surety is not held beyond the fair scope of his engagement, and that, in contracts of suretyship, above all other contracts, the meaning of words and phrases is not to be extended to the prejudice of the surety, but that words shall be taken to have been used in their ordinary proper sense. In other words, the liability of sureties is always *strictissimi juris* and shall not be extended by construction. *Walsh* v. *Bailie*, 10 Johns. 180, 181; *United States* v. *Jones*, 8 Pet. 399; *United States* v. *Boyd*, 15 id. 187; *Miller* v. *Stewart*, 9 Wheat. 680, 702, 703." See, also, *Leggett* v. *Humphreys*, 21 How. 66, 76; *Smith* v. *United States*, 2 Wall. 219, 235. The next question to be decided is whether this action was brought within the time limited in the bond. The bond provides: " 1. No action, suit or proceeding shall be had or maintained against the surety under this bond unless it shall be brought or instituted and process served upon the surety within sixty (60) days after the obligees shall have sustained a loss hereunder and in no event after May 2, 1922." The amended libel in admiralty, which is attached to the complaint and made a part thereof, shows that the plaintiff drew a draft on the steamship company, dated April 1, 1921, and that the same was not paid, but was protested for non-acceptance and non-payment. The plaintiff claims that the parties did not intend that the non-payment of such draft should be a loss and that in order to transform a claimed debt into a loss under the bond there must be a finding by a court of competent jurisdiction of the subject-matter that the debt claimed was a debt due and that there was no offset against the same and that the steamship company could not pay the amount of the judgment based thereon. This contention loses sight of the fact that the defendant is a surety and not a guarantor or indemnitor, and hence the right of action against it accrued as soon as the debt of the Five Continent Steamship Company, Inc., matured and was unpaid on April 1, 1921, and the former could, therefore, be sued immediately upon refusal of payment of the debt. 21 R. C. L. § 8, p. 953. See *Benjamin* v. *Hillard*, 23 How. [64 U. S.] 149, 164; *McCluskey* v. *Cromwell, supra; United States* v. *Freel*, 92 Fed. Rep. 299, 301, and cases

cited.   Such suit could have been instituted against the defendant as surety without joining the Five Continent Steamship Company, Inc., as principal.   *Levy* v. *Cohen,* 103 App. Div. 195.    The plaintiff recognized that it had sustained a loss by instituting suit against the steamship company after payment of the draft had been refused.   The basis of the suit in admiralty was that a loss had been sustained by the plaintiff and it would have been premature if none had been shown.   The plaintiff also advances the argument that the parties intended that a " loss " under the bond should be determined by a court of competent jurisdiction if the parties did not or could not agree, and that if the parties agreed on the sum that was due to plaintiff no action should be brought against the defendant after May 2, 1922, but that if such action was brought the time for the commencement of the action would be limited to sixty days after the determination of the action against the steamship company, basing such contention on that portion of the bond which provides that:   " 3. It is understood and agreed that the liability of the surety under this bond shall apply to commission ' account of freight ' only up to an amount in accordance with the agreement between the said principal and the said obligees, or up to such an amount as agreed upon by any court of competent jurisdiction."   I do not so construe the clause above set forth, which, in my opinion, has reference only to commission " account of freight."   No claim under this item appears to have been made.   As has been above shown, the bond provides for suit against the surety within sixty days after the obligee sustained a loss and in no event after May 2, 1922.   Suit could have been instituted against the defendant as soon as payment of the draft was refused, but it was not brought until long after the expiration of the time limit.   Unless the provisions limiting the time in which an action might have been brought are unreasonable or unenforcible for any reason, the defendant's motion to dismiss the complaint must be granted.   The parties to a contract may agree on a shorter limitation of time for commencing an action for a breach than is provided by the Statute of Limitations, provided the agreed limitation is reasonable.   " Whether or not the limitation expressed in the contract is reasonable or not is a question of law and depends upon the conditions and circumstances existing when the contract was made."   *Greenhill* v. *Delano, No. 1,* 193 App. Div. 842.   In the case at bar there is no allegation of fact contained in the complaint which will show, or tend to show, that the limitation expressed in the contract is unreasonable or was not the fair intent of the parties when the agreement was made. As to a waiver by the defendant of the time limit set forth in the

agreement the only allegation of fact with reference thereto in the complaint is the inclusion by reference of copies of letters received by the plaintiff's attorneys from the defendant, which, it is claimed, are either a waiver in themselves or were the means of lulling the plaintiff into inaction until the time limit had expired. A careful reading and analysis of these letters in the light of the cases cited by the plaintiff in its briefs fails to sustain either of these contentions. Neither was there, as claimed by the plaintiff, a waiver on the part of the defendant by reason of the interposition of a defense and counterclaim by the Five Continent Steamship Company, Inc., in the suit in admiralty. Obviously, such answer could not be binding upon the defendant in the instant action, as it was not a party to such suit. For the reasons above stated the defendant's motion to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action should in all respects be granted, with ten dollars costs, with leave to the plaintiff to serve an amended complaint within ten days after service upon its attorneys of the order to be entered hereon, with notice of entry thereof, and on payment of such costs. Settle order on notice.

Ordered accordingly; judgment accordingly.