ABIEL STODDARD et al., Administrators, etc., Appellants, *v.* JAMES M. GAILOR et al., Respondents.

In an action to foreclose a mortgage executed by defendant G. to H., plaintiffs' intestate, it appeared that H. died in August, 1874; that on the first of May preceding he had the mortgage and accompanying bond in his possession; no assignment by him was shown and no assignment appears upon the county records. Soon after the death of H. one of the plaintiffs examined the trunk in which the deceased kept his papers; he found it open and the papers mixed together, but did not find the bond and mortgage, and plaintiffs, although they have made diligent search and inquiry, have not since been able to find them. This suit was commenced in April, and tried in October, 1880. Before bringing it plaintiffs notified G. of the loss. Down to the time of the trial no person other than plaintiffs had claimed payment of the bond, or given the mortgagor notice of any claim thereon. The court gave the usual judgment of

foreclosure, but on condition that plaintiffs execute to G. a bond conditioned to indemnify him from loss or damage. *Held*, that under the circumstances defendants could, in good faith, pay the bond and mortgage to plaintiffs, and by such payment be protected from any other claimant ; and that, therefore, the condition was erroneously imposed.

(Submitted December 6, 1882; decided December 15, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made May 3, 1881, which affirmed a judgment entered upon a decision of the court on trial at Special Term.

The nature of the action and the material facts are stated in the opinion.

*John R. Putnam* for appellants. The bond and mortgage were not negotiable securities. If they should be found or fall into the hands of any third person their possession would not be *prima facie* evidence of title. (*Barrick* v. *Barrick*, 21 Barb. 241.) A bond of indemnity is not required in an action on a lost instrument unless the same is negotiable. ( 1 Wait's Act. and Def. 166; *Moor* v. *Fall*, 42 Me. 450; *Torrey* v. *Foss*, 40 id. 74; *Hough* v. *Barton*, 20 Vt. 455; *Hopkins* v. *Adams*, id. 407; *Wright* v. *Wright*, 54 N. Y. 437; 1 Story's Eq. Juris., § 86 *a ; Blade* v. *Nolan*, 12 Wend. 173; 2 Parsons on Bills and Notes, 304; *Frank* v. *Wessels*, 64 N. Y. 155–159; *Pentard* v. *Talington*, 10 Johns. 104; *McNair* v. *Gilbert*, 3 Wend. 344; *Streever* v. *Bank of Fort Edward*, 34 N. Y. 415; *Lazele* v. *Lazele*, 12 id. 443; *Rowley* v. *Ball*, 3 Cow. 312.) If the mortgage had in fact been assigned by deceased to any person, the assignee of the security, the same being non-negotiable, was bound to give notice to the mortgagor, and in the absence of such notice the mortgagor acting in good faith could safely pay the bond and mortgage to the personal representative of the mortgagee. (*Van Keuren* v. *Corkins*, 66 N. Y. 80; *Heermans* v. *Ellsworth*, 64 N. Y. 159, 161; *S. C.*, 5 T. & C. 697; *Muir* v. *Schenck*, 3 Hill, 228; *Park* v. *Janes*, 33 Barb. 37; *Bishop* v. *Garcia*, 14 Abb.

[N. S.] 69; *Humington* v. *Potter*, 32 Barb. 300; *Wanzer* v. *Cary*, 12 Hun, 403; *Meghan* v. *Mills*, 9 Johns. 64.) The deceased being shown to be the owner of the bond and mortgage a short time prior to his death, his title is presumed to continue. ( *Wilkins* v. *Earle*, 44 N. Y. 192; *Fry* v. *Bennett*, 28 id. 330; *Conklin* v. *Conklin*, 20 Hun, 278; *Grey* v. *Grey*, 47 N. Y. 555.) Defendant was not entitled to demand possession of this bond and mortgage. ( *Wain* v. *Bailey*, 10 Ad. & Ell. 616; Story on Promissory Notes, § 451 and notes; *Mayor* v. *Doody*, 4 Abb. 127, 128; *Supervisor* v. *White*, 30 Barb. 72; *Welles* v. *Webster*, 9 How. 251; *Bright* v. *Currie*, 5 Sandf. 433; *Wirges* v. *Baeuerle*, 12 Hun, 136; *Mayne* v. *Griswold*, 3 Sandf. 478; Storey's Eq., §§ 84, 85, 86; Abbot's Trial Ev. 510.)

*J. W. Hill* for respondents. There being no evidence as to the ownership of the bond and mortgage except the presumption arising from their absence from the possession of the deceased at the time of his death, they could not be held to be lost, for negligence will not be presumed, and things are held to be legally and properly in their existing state until the contrary be shown. (1 Phil. Ev., Cow., Hill and Edw. Notes, 499.) But in this case the notice was not only a suspicious circumstance, sufficient to put the defendants upon inquiry as to the possession and ownership, but direct and positive that the plaintiffs were not the owners or possessors in any capacity of the instruments. (*Brown* v. *Blydenburgh*, 3 Seld. 144; *Williamson* v. *Brown*, 15 N. Y. 354; *Kiley* v. *Smith*, 26 id. 20; 1 Story's Eq., § 400.)

EARL, J. This action was brought to foreclose a mortgage made by the defendant Gailor to Loring Hall, plaintiffs' intestate, on the 15th day of January, 1872, for $4,200. Upon the trial there was no dispute that the bond and mortgage were given as stated in the complaint, and that there was due and unpaid thereon the sum of $2,700, and interest from the 1st day of May, 1875. The court at Special Term ordered judgment for

the plaintiffs in the usual form, for the foreclosure of the mortgage and sale of the mortgaged premises, upon condition that they execute a bond to Gailor in the penal sum of $4,-000, with two sureties, who were freeholders and householders in this State and who would justify in the sum of $8,000; such bond to be approved as to its form and sufficiency by a justice of the Supreme Court, and the conditions thereof to be that the obligors would indemnify Gailor from all loss, damage and costs on account of the loss of the bond and mortgage or either of them in the hands of any other person than the plaintiffs; and the entry of judgment was stayed until the bond should be given and filed as required. The plaintiffs complain upon this appeal of the provision in the judgment which requires the giving of the bond; and whether that provision is proper is the sole question for our determination.

There was no proof upon the trial that the intestate ever assigned the mortgage, and the plaintiffs proved that they had not assigned it since their appointment as administrators. The bond and mortgage were shown to have been in the possession of Hall on the 1st of May, 1874, at which time Gailor made a payment thereon to him. On the 28th of August thereafter Hall died intestate, and within a few hours after his death one of the plaintiffs examined his trunk in which he kept his papers and found it open, and the papers promiscuously scattered and mixed up; but he did not find the bond or mortgage, and the plaintiffs have never been able to find them, although they have made diligent search and inquiry for them. No assignment of the bond and mortgage appears upon the records of the county. This suit was commenced about the 1st day of April, 1880, nearly six years after the death of the intestate. It was tried in October, 1880, and down to the time of the trial no person other than the plaintiffs had ever claimed payment of the bond and mortgage from the mortgagor or given him any notice of claim thereto. Prior to the commencement of the action the plaintiffs informed the defendants that the bond and mortgage were not found in the possession of the deceased or among his assets; that they had never come into their hands

and that they did not know where they were, and that they were unable to produce them. It is claimed on the part of the defendants that these facts, communicated to them by the plaintiffs, gave them such notice that they could not pay them so as to be discharged from all liability upon the bond and mortgage; that after receiving notice of these facts they could not, by paying to the plaintiffs, be discharged from liability to any person who had taken an assignment of the bond and mortgage from the intestate, and that, therefore, they were entitled to indemnity before making payment.

It is unquestionably true that a mortgagor may continue to deal with the mortgagee in making payments until he has received notice of the assignment of the mortgage, or notice of facts sufficient to put him upon inquiry as to the continuance of the mortgagee's title. When he has received notice of such facts then it becomes a question of good faith. If he has received notice of facts which would enable him, if he made the requisite inquiry, to ascertain the truth, then he is bound to make such inquiry, and if he omits to do so he is chargeable with bad faith, and is not protected in thereafter making payments to the mortgagee. (*Heermans* v. *Ellsworth,* 64 N. Y. 159; *Van Keuren* v. *Corkins,* 66 id. 77.) In the former case it was held that "it is the duty of the assignee of a non-negotiable chose in action, in order to protect himself against a payment by the debtor to the original creditor, to notify the former of the assignment, and in an action upon the demand, where such a payment is established, the burden of proving notice prior to payment is upon the plaintiff." And in the latter case it was held that "a payment upon a bond and mortgage made by the mortgagor to the mortgagee, after an assignment thereof by the latter, when made in good faith, without notice, actual or constructive, of the assignment, is valid."

Here it might not have been safe for the mortgagor to pay the plaintiffs immediately or soon after letters of administration were granted to them in September, 1874, without the production of the bond and mortgage. But a different state of things existed at the time of the trial of this action, more

than six years after letters of administration had been issued. The facts then existing were that the mortgage, about four months before the death of the intestate, was in his possession; that immediately after his death his trunk was found opened and his papers scattered about and promiscuously mingled, and that the bond and mortgage could not be found; that no assignment thereof had been put upon record, and that, during the period of six years, nothing whatever had been heard of them. Certainly after that time the defendants could, in perfect good faith, pay the mortgage to the plaintiffs, and by such payment be protected against any other claimant. An assignee of the mortgage under such circumstances, probably knowing of the death of the mortgagee and that his estate would have to be settled, could not omit to put his assignment upon record or to give any notice whatever thereof to the mortgagor, and never claim any payment of principal or interest of him during the period of six years, and yet complain if he treated in making payments with the personal representatives of the mortgagee. We are of the opinion that he would have been protected, upon the facts appearing in this case, if he had made payment, and that, therefore, the plaintiffs should not have been required to give the bond as a condition of the foreclosure of the mortgage.

The judgment should, therefore, be modified by striking therefrom so much thereof as required the giving of the bond, and making the same a judgment of foreclosure in the usual form, and as thus modified, affirmed without costs in the Supreme Court or in this court.

All concur, except TRACY. J., absent.

Judgment accordingly.