FRANK PETERSON, Plaintiff, *v.* JOSEF MEYER et al.,
Defendants.

(County Court, Kings County, January, 1919.)

Foreclosure — mortgages — when loss of bond will not prevent a decree
of foreclosure — when mortgagor not entitled to an indemnity bond
— evidence.

When a satisfaction piece is offered and a certified check for
the amount due upon the mortgage is produced and an explana-
tion made regarding the loss of the bond, the mortgagor is not
entitled to demand a bond of indemnity.

Where in an action to foreclose the mortgage, which was
put in evidence, the loss of the bond is satisfactorily shown by
proof that upon a reassignment to plaintiff of the bond and
mortgage by his attorney, to whom an assignment thereof had
been made, the bond could not be found, and that plaintiff
had neither assigned nor delivered the bond and mortgage to
any one since the assignment to his attorney and that at the
commencement of the suit he was the owner of said bond and
mortgage, judgment of foreclosure will be awarded for the
amount claimed to be due.

ACTION to foreclose a mortgage.

Herzfeld & Sweedler, for plaintiff.

Louis J. Moss, for defendants.

McDERMOTT, J. The mortgage sought to be fore-
closed was made by the defendant Meyer and his wife,
who were the only defendants appearing at the trial.

The answer interposed admits the making and deliv-
ery of the bond and mortgage, denies knowledge or
information as to the various assignments, admits the
extension agreement and the terms thereof, but denies
that the sum of $1,950 is due. The plaintiff offered the
mortgage in evidence, but the bond was not produced.
The plaintiff on several occasions since the title to
this mortgage became vested in him has assigned it

as collateral security. On the 18th day of August, 1914, he assigned this mortgage to his attorneys as collateral security for a loan. They reassigned it to him on the 14th day of June, 1915. The plaintiff again assigned this mortgage to one Steinmetz, on the 7th of April, 1916, and Steinmetz reassigned it to plaintiff on the 8th day of May, 1918, prior to the commencement of this action. All of these assignments were duly recorded.

The plaintiff testified that when the bond and mortgage were reassigned to him by his attorneys in 1915, he did not receive the bond from them; that he demanded it but that his attorneys could not find it, and he testified that he had not assigned or delivered the bond or mortgage to any one since the last assignment to him from Steinmetz and that he owned the bond and mortgage at the time of the suit, but that he could not produce the bond because it was lost. One of the firm of attorneys to whom the bond and mortgage were assigned, corroborated the fact that when they reassigned the bond and mortgage to plaintiff the bond could not be found and was not returned by them to the plaintiff. The last assignment to the plaintiff specified the exact amount stated by the complaint to be due. The mortgage was payable in instalments; all of the payments on account of the principal have, since the date of the extension agreement, viz., in June, 1915, been paid to the plaintiff by defendant Meyer. These together amounted to $550, leaving a balance of $1,950, which became due on July 1, 1918.

I am satisfied that the loss of the bond occurred in the office of the attorney, and there is no proof whatever that the bond is now accessible. Neither the amount due nor the liability for the debt is questioned, and the latter is established by the admissions and covenants in the mortgage and the extension agreement. The provisions of section 1917 of the Code of

Civil Procedure are not applicable, for, as far as the proof is concerned, this bond is not a negotiable instrument. The court will not presume, in the absence of affirmative proof, that the bond is negotiable. *Wright* v. *Wright,* 54 N. Y. 437.

Being satisfied that the bond has been actually lost, that it cannot be produced and is not accessible, the court may decree the payment of the amount due. *Lowe* v. *Leary,* 184 App. Div. 421; *Stoddard* v. *Gailor,* 90 N. Y. 575.

At the time the parties met in the office of the real estate agent, and a satisfaction piece was offered, a certified check for the amount due was produced. The circumstances regarding the loss of the bond were explained to the defendant, but he demanded that the bond be produced or that he should have a bond of indemnity. I have concluded that the defendant was not then and is not now entitled to insist that a bond of indemnity be furnished. Therefore, I must award judgment of foreclosure to the plaintiff and dismiss the defense and counterclaim. I find that the amount due plaintiff is $1,950, with interest at six per cent from March 14, 1918.

Judgment accordingly.