WILLIAM H. FINN and Another, Plaintiffs, *v.* JOHN HERBERT WELLS, and Others, Defendants.

Supreme Court, Tioga County, October 24, 1929.

*James S. Truman*, for the plaintiffs.

*Fred W. Clifford* [*John D. Parker* of counsel], for the defendants Loveland.

RHODES, J. On June 5, 1923, the defendants Phillips conveyed a farm to the defendants Loveland, taking back a purchase-money mortgage on said premises, being the mortgage now sought to be foreclosed. On the same day the said mortgagees assigned said bond and mortgage to the plaintiffs as collateral security for the payment of a note for $375, which note represented real estate commissions due plaintiffs from Phillips for acting as a real estate broker in selling said farm. The mortgage in question was recorded July 3, 1923, and the assignment was recorded July 20, 1923. Thereafter and on January 6, 1924, said Phillips and wife assigned the same bond and mortgage to the defendants Wells by assignment dated on that day and recorded February 4, 1924, the same being part payment toward the purchase price of a parcel of real estate. The defendants Wells insist that their rights under such assignment are prior to those under plaintiffs' assignment, laying special stress upon the fact that the bond and mortgage in question remained in the possession of Phillips until they were delivered to Wells with the assignment thereof. The assignment of the mortgage to plaintiffs was a conveyance within the meaning of sections 290 and 291 of the Real Property Law. (See *Gibson* v. *Thomas*, 180 N. Y. 483.) Section 291 of the Real Property Law provides that " every such conveyance *not so recorded* is void as against any subsequent purchaser in good faith and for a valuable consideration, from the same vendor, his heirs or devisees, of the same real property or any portion thereof, *whose conveyance is first duly recorded.*" Plaintiffs' assignment of the mortgage was first recorded. This assignment transferred to him the bond and mortgage in question and was constructive notice to the defendants Wells of plaintiffs' rights, and the assignment of the defendants Wells was void as to plaintiffs under said section 291. Plaintiffs are, therefore, entitled to foreclose the mortgage in question. The defendants Wells argue that plaintiffs were not *bona fide* purchasers of the mortgage for a present consideration as against Wells within the contemplation of the Recording Act. It is to be observed, however, that in the present case the plaintiffs' assignment was supported by a consideration because given as collateral security for a valid, existing

debt. Plaintiffs' assignment was prior in time of recording to that of Wells, and, therefore, a different situation exists than in the cases of *Cary* v. *White* (52 N. Y. 138) and *DeLancy* v. *Stearns* (66 id. 157), the cases relied upon by the defendants. Defendants Wells further argue that inasmuch as the bond and mortgage never came into the actual possession of plaintiffs, there never was any transfer of the title thereto, arguing that a mortgage is only an incident to the debt which it is given to secure and cannot be separated therefrom, and that a transfer of a mortgage without a debt is a nullity. I think their argument overlooks the fact that the transfer of the bond and mortgage was made by written assignment, which was accepted and recorded, and that this constituted a transfer to the plaintiffs of the bond and mortgage, regardless of whether or not they actually came into the physical possession of the plaintiffs.

The remaining question involves a determination of the amount of the mortgage. Before November 1, 1924, the mortgagor Loveland knew of plaintiffs' claim. This is admitted by Loveland who says that the summer following June, 1923, he had information that plaintiffs claimed to be the owners of the mortgage. Such information was sufficient to put the mortgagors on inquiry and thereupon they are chargeable with all the facts which a reasonable and diligent investigation would have disclosed. Notwithstanding this fact, the mortgagors continued to make payments on principal and interest to the defendants Wells. Such payments of principal and interest are not chargeable in reduction of the mortgage as against the plaintiffs. The only such payment chargeable against the plaintiffs is that of $350 principal and $48.25 interest paid November 1, 1923, before the mortgagors had knowledge of plaintiffs' claim. With this exception plaintiffs are entitled to foreclose and recover the balance of said bond and mortgage in satisfaction of their note of $375, with interest thereon from June 5, 1923. The overplus is payable to the defendant Wells to apply upon his debt under his said assignment, after deducting the payments already paid to him by the mortgagor Phillips. In case a deficiency results upon the sale, plaintiffs should have judgment against the defendants Wells to the extent of the amounts collected by Wells under the mortgage.

I direct judgment accordingly, with costs to the plaintiffs to be taxed.