HENRY S. CHITTICK, Appellant, *v.* THOMPSON HILL DEVELOPMENT CORPORATION and Others, Respondents, Impleaded with LAZLAW REALTY CORPORATION and Others, Defendants. (Action No. 1.)

HENRY S. CHITTICK, Appellant, *v.* THOMPSON HILL DEVELOPMENT CORPORATION and Others, Respondents, Impleaded with LAZLAW REALTY CORPORATION and Others, Defendants. (Action No. 2.)

Second Department, October 10, 1930.

*Maurice B. Rich*, for the appellant.

*I. Balch Louis* [*Arthur P. Hilton* with him on the brief], for the respondents Thompson Hill Development Corporation, Rose Altman and Bessie Rosenson.

*William H. Walden*, for the respondents Samuel Chopp and Morris Meiselman.

RICH, J. Two actions are brought for the foreclosure of two $7,500 second mortgages made by defendant Thompson Hill Development Corporation to defendant Moore & Patience, Inc., recorded December 28, 1925, covering premises 4732 and 4734 Packard street, Woodside, Queens county, N. Y., assigned by Moore & Patience, Inc., to Hunterspoint Lumber & Supply Company, Inc., and by it assigned to plaintiff; and to set aside an order in a lost mortgage proceeding which discharged plaintiff's mortgages.

John W. Moore and Stanley W. Moore (father and son) were sole stockholders, officers and directors of the defendant corporations, Thompson Hill Development Corporation and Moore & Patience, Inc. Thompson Hill Development Corporation, which

held the legal title to the premises in suit, employed Moore & Patience, Inc., as contractor, to construct certain buildings at Woodside, N. Y. The Hunterspoint Lumber & Supply Company, Inc., sold lumber to Moore & Patience, Inc., which was used in the construction of the buildings. Moore & Patience, Inc., on October 28, 1925, was indebted to the lumber company for $12,000. The sales of lumber were all made by plaintiff, general manager of the lumber company, and the purchases by John W. Moore. It is testified that Mr. Moore at this time was informed by plaintiff that unless payment of the lumber company's claim was secured, a lien would be filed. An agreement was entered into December 28, 1925, between the lumber company, Moore & Patience, Inc., John W. Moore and Stanley W. Moore. For its faithful performance, collateral security in the form of the two mortgages sought to be foreclosed were assigned to the lumber company by instruments dated December 28, 1925, but not recorded until *May 11, 1927*. This agreement, among other things, and so far as is pertinent to the questions presented by this appeal, provided for the payment of the lumber company's claim in installments, and in the event of default, for the sale of the mortgages upon notice. Default having been made in payment, the lumber company served the notice provided by the agreement, and claims it sold the mortgages in suit to plaintiff on August 29, 1927 (although the assignment is dated September 7, 1927, and does not appear to have been recorded). In the meantime, Thompson Hill Development Corporation, claiming to be the owner of the property affected by the mortgages, verified a petition alleging that the indebtedness had been paid, the mortgages satisfied but lost, and prayed for an order dispensing with their production and for their discharge, which order was entered on *July 8, 1927*.

Moore & Patience, Inc., after the sale of the securities to plaintiff, made a tender of the indebtedness to the lumber company, which was rejected. It thereafter instituted an action in the Supreme Court of New York county, in which it sought judgment directing the lumber company and plaintiff to return the mortgages upon the ground that the lien had been destroyed by the rejection of the tender. It was found by the court in that action that the tender was nugatory, that plaintiff obtained a good, valid and indefeasible title to the mortgages, the judgment so determined, and the complaint was dismissed on the merits.

The Thompson Hill Development Corporation (between the time of the assignment to plaintiff's assignor, December 28, 1925, and the date of recording of the assignments, May 11, 1927) executed two mortgages, one on June 25, 1926, and the other on June 28, 1926,

each for $7,500, covering the premises in suit, one to defendants Chopp and Meiselman and the other to defendant Altman. Both mortgages were recorded *June 30, 1926*. The gentleman who acted for the title company upon the closing testified that *satisfactions* of the mortgages in suit, executed by Moore & Patience, Inc., were delivered with two bonds, the absence of the original mortgages being explained by the Moores by the statement that they had not been returned from record. He testified that, relying upon their statements, of the truth of which he had no knowledge, he closed the title. The papers, he said, were forwarded to the company's Jamaica office, where the application for the discharge of the mortgages was not prepared for almost a year thereafter. The order discharging the mortgages was made upon these papers and upon the authority of an erroneous register's search of June 23, 1927, which failed to show the assignment of plaintiff's assignor, recorded May 11, 1927. Another and blanket mortgage for $12,000 was executed on July 1, 1927, by the Thompson Hill Development Corporation to the defendant Rosenson, also covering the premises in suit, but not recorded until *July 9, 1927*. All of these subsequent mortgagees paid value, with no knowledge that the mortgages in suit were improperly satisfied of record.

The learned Special Term, upon the facts presented, declined to set aside the order discharging the mortgages, or to decree their foreclosure. The court proceeded upon the assumption that the mortgages were made to defraud other creditors, and this is disclosed by an examination of the case cited by the court. (*Clarke* v. *Selben Apartments, Inc.*, 225 App. Div. 290.) That question, however, was not presented at the trial and was disposed of by the judgment in the New York county action, adjudging that plaintiff had good title to the mortgages in suit. The question presented by plaintiff's appeal from the judgment dismissing his complaint, under the circumstances, resolves itself into an adjustment of the equities between the plaintiff and the subsequent mortgagees.

The assignment of plaintiff's assignor, it will be recalled, was not of record until *May 11, 1927*, while the mortgages of the defendants Chopp and Meiselman and Rose Altman were of record *June 30, 1926*. The discharge by satisfaction, under the circumstances, however invalid as between the original parties, was *good* as to these mortgagees. Defendant Rosenson's mortgage, however, was not recorded until *July 9, 1927*, and as to her the prior record of the assignment of plaintiff's assignor was protection to plaintiff both against a subsequent assignment and an unauthorized discharge. (*Viele* v. *Judson*, 82 N. Y. 33; *Larned* v. *Donovan*, 155 id. 341). The reason lies in the fact that the recorded assignment of plain-

tiff's assignor was constructive notice of the lumber company's rights as against any act of the mortgagee, Moore & Patience, Inc., affecting the mortgage assigned. The discharge of the mortgages by Moore & Patience, Inc., having been perpetrated by fraud, or its equivalent, reckless indifference to the truth, without the assignee's knowledge and after the recording of its assignment on May 11, 1927, it was not required to reinstate the record in order to protect itself against estoppel. (*Viele* v. *Judson, supra.*) Indexing is no part of the record, and the omission of the register to index properly a mortgage or assignment cannot deprive a mortgagee or assignee of the right of priority given by statute. (Real Prop. Law, § 291; *Mutual Life Ins. Co. of N. Y.* v. *Dake*, 87 N. Y. 257.) The defendant Rosenson, under the circumstances, was not entitled to rely upon an erroneous register's search, nor the satisfactions in the title company's hands, because the record of plaintiff's assignment was notice to her that Moore & Patience, Inc., the mortgagee, had no right or authority to affect the mortgages. (*Viele* v. *Judson, supra.*) While the mortgagor, Thompson Hill Development Corporation, would have been entitled to deal with the mortgagee, Moore & Patience, Inc., until it received notice of the assignment or notice of facts sufficient to put it on inquiry (Real Prop. Law, § 324; *Stoddard* v. *Gailor*, 90 N. Y. 575), nevertheless one of its officers had notice of the assignment, it alleges it had notice, and Mr. Moore, an officer, testified he knew in May, 1926, that the lumber company had possession of the bonds and mortgages which were then unpaid. It cannot, under the circumstances, claim any protection because of the failure of plaintiff's assignor to record its assignment. Furthermore, there is no evidence that the development corporation ever paid any consideration for the satisfactions, except an allegation in the petition in the lost mortgage proceeding that the mortgages had been paid.

It follows that the trial court erred in dismissing the complaint, and that the order canceling the mortgages must be set aside as to defendants Thompson Hill Development Corporation, Moore & Patience, Inc., and Bessie Rosenson whose lien is subsequent to plaintiff's, and foreclosure directed as against them. While it is unnecessary to plaintiff's recovery against these defendants to set aside the order canceling the mortgages, because plaintiff or his assignor is not required to reinstate the record, yet as it is admittedly erroneous it must be set aside as to these defendants. But as to the defendants whose mortgages were recorded prior to the recording of the assignment of plaintiff's assignor, it will not be set aside, because plaintiff's assignor was not protected against an unauthor-

ized discharge at the time of the recording of these defendants' mortgages.

Plaintiff has advanced to the Emigrant Industrial Savings Bank, the holder of the first mortgages covering the premises in suit, in payment of interest and installments on the first mortgages, $3,340.10, which the trial court has found, because of the covenants contained in the mortgages in suit, should be added to said mortgages, and I concur in this finding.

The judgment in each case as to defendants Samuel Chopp and Morris Meiselman and Rose Altman should be affirmed, with costs to said defendants as against the plaintiff. As to defendants Moore & Patience, Inc., Thompson Hill Development Corporation and Bessie Rosenson, the judgment in each case should be reversed upon the law and the facts, with costs, and judgment directed for plaintiff as against said defendants Thompson Hill Development Corporation, Moore & Patience, Inc., and Bessie Rosenson, with costs, setting aside as to them the order of June 29, 1927, and directing the foreclosure of said mortgages for the principal sum, to wit, $15,000 and interest, plus $3,340.10, paid to Emigrant Industrial Savings Bank, the first mortgagee, for installments of principal and interest on the first mortgage, which is hereby added to the principal of the mortgages directed to be foreclosed.

LAZANSKY, P. J., HAGARTY, CARSWELL and TOMPKINS, JJ., concur.

Judgment in each action as to defendants Samuel Chopp and Morris Meiselman and Rose Altman unanimously affirmed, with costs to said defendants as against the plaintiff. As to defendants Moore & Patience, Inc., Thompson Hill Development Corporation and Bessie Rosenson, judgment in each action reversed upon the law and the facts, with costs, and judgment directed for plaintiff as against said defendants Thompson Hill Development Corporation, Moore & Patience, Inc., and Bessie Rosenson, with costs, setting aside as to them the order of June 29, 1927, and directing the foreclosure of said mortgages for the principal sum, to wit, $15,000 and interest, plus $3,340.10, paid to Emigrant Industrial Savings Bank, the first mortgagee, for installments of principal and interest on the first mortgage, which is hereby added to the principal of the mortgages directed to be foreclosed. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made.

Settle order on notice.