HENRY S. CHITTICK, Respondent, *v.* THOMPSON HILL DEVELOPMENT CORPORATION et al., Defendants, and BESSIE ROSENSON, Appellant. (Actions 1 and 2.)

(Argued May 9, 1932; decided June 1, 1932.)

*Charles H. Street* for appellant. The instruments purporting to be assignments of the mortgages to respondent's assignor were never executed or acknowledged so as to be entitled to record and conferred no rights upon respondent as against appellant. (*Hulbert* v. *Walker*, 258 N. Y. 8; *Rogers* v. *Pell*, 154 N. Y. 518; Real Prop. Law, § 291; *People ex rel. Oaklawn Corp.* v. *Donegan*, 226 N. Y. 84; *Bradley* v. *Walker*, 138 N. Y. 291; *Leavitt* v. *Thornton*, 123 App. Div. 683; *Gross* v. *Rowley*, 147 App. Div. 529; *Armstrong* v. *Combs*, 15 App. Div. 246; *Paolillo* v. *Faber*, 56 App. Div. 241; *Marden* v. *Dorthy*, 160 N. Y. 39.)

*Maurice B. Rich* for respondent. Where an instrument bearing a certificate of acknowledgment is presented to the recording officer it becomes his duty to record it and the recording operates as constructive notice notwithstanding that there may be a hidden or latent defect in the acknowledgment. (*Heilbrun* v. *Hammond*, 13 Hun, 474; *Kirsch* v. *Tozier*, 63 Hun, 607; *Fulton* v. *Priddy*, 123 Mich. 298; *Peoples Trust Co.* v. *Tonkongy*, 144 App. Div. 333; Real Prop. Law, § 291; *Tax Lien Co.* v. *Schultze*, 213 N. Y. 9; *Fulton County Gas & Electric Co.* v. *Hudson River Tel. Co.*, 200 N. Y. 287; *Railroad*

*Equipment Co.* v. *Blair*, 145 N. Y. 607; *Webster* v. *Kings County Trust Co.*, 45 N. Y. 276.)

Hubbs, J. The sole question for determination upon this appeal is whether an alteration in an assignment of a mortgage made after execution, acknowledgment and delivery, with the consent and approval of all parties in interest, affects its validity so that after it is recorded it does not constitute constructive notice to subsequent lienors.

The assignee of the two bonds and mortgages consented upon the request of the mortgagee assignor to accept in place of the bonds and mortgages assigned, two other bonds and mortgages for the same amount, upon different premises. The two new bonds and mortgages were delivered and the assignee returned the first two bonds and mortgages.

Thereupon, the assignments of the first two bonds and mortgages were altered by consent, so as to refer to the substituted bonds and mortgages. The assignments were not reacknowledged. They were thereafter recorded in the County Clerk's office. The Appellate Division has decided that the record of the assignments constituted constructive notice to subsequent lienors. We believe the decision to be in accord with the weight of authority and correct in principle.

The general rule is that where an instrument entitled to be recorded which contains a certificate of acknowledgment regular in form, is presented to a recording officer for record, he is obliged to record it and it will constitute constructive notice even though there be a latent defect in the acknowledgment. (*Ogden Bldg. & Loan Assn.* v. *Mensch*, 196 Ill. 554; *Bank of Benson* v. *Hove*, 45 Minn. 40; *Woolridge* v. *LaCrosse Lumber Co.*, 291 Mo. 239; 19 A. L. R. 1068; *Morrow* v. *Cole*, 58 N. J. Eq. 203; *Angier* v. *Schieffelin*, 72 Penn. St. 106; *Blanton Co.* v. *Bostic*, 126 N. C. 418; *Dillon & Son Co.* v. *Oliver*, 106 S. C. 410;

*Titus* v. *Johnson,* 50 Tex. 224; *Boswell* v. *First Nat. Bank,* 16 Wyo. 161.)

A different view has been expressed by some courts. (*Kothe* v. *Krag-Reynolds Co.,* 20 Ind. App. 293; *Farmers' & Merchants' Bank* v. *Stockdale,* 121 Iowa, 748; *Carter* v. *Champion,* 8 Conn. 549.)

The question has never been directly passed upon by this court, but it was decided in the case of *Heilbrun* v. *Hammond* (13 Hun, 474, 480) that the record of an assignment of a mortgage, regular upon its face, constituted constructive notice, where the assignment was valid between the parties thereto.

Mr. Justice INGALLS said: " A contrary rule would be disastrous in its effect, so far as the reliability of the public records is concerned; all confidence in their disclosures would be destroyed."

A different rule applies where the instrument recorded shows upon its face that it is invalid or the certificate of acknowledgment is defective in a material particular. The record of a forged instrument or one secured by trickery or fraud does not constitute constructive notice.

" The Recording Act * * * never was intended to be a protection to innocent purchasers against theft, forgery, fraud or duress." (*Marden* v. *Dorthy,* 160 N. Y. 39, 60.)

The judgments should be affirmed, with costs.

POUND, Ch. J., LEHMAN, KELLOGG, O'BRIEN and CROUCH, JJ., concur; CRANE, J., not sitting.

Judgments affirmed.