Felin Associates, Inc., Plaintiff, *v.* Leonard Rogers, Defendant.

First Department, November 30, 1971.

*Harry Krauss* of counsel (*Edward E. Breger,* attorney), for plaintiff.

*Eugene J. Morris* of counsel (*Demov, Morris, Levin & Shein,* attorneys), for defendant.

TILZER, J. This is a submission of controversy pursuant to CPLR 3222. The relevant stipulated facts are as follows:

In 1969, plaintiff purchased from the defendant, premises 142–148 East 22nd Street in the Borough of Manhattan. The defendant held a purchase-money first mortgage on said property with an unpaid balance of $306,865.50. Thereafter, the plaintiff obtained a mortgage commitment from the American Savings Bank for $1,500,000, such commitment to be for a blanket mortgage covering various parcels owned by the plaintiff. Pursuant to section 275 of the Real Property Law, plaintiff requested

that defendant deliver an assignment of the mortgage to the American Savings Bank. Defendant's attorney, however, informed the plaintiff's attorney that the mortgage note was lost. The closing of the bank's mortgage was then held and defendant's attorney appeared at the closing and offered a replacement note to be duly executed by the maker, together with an affidavit from the defendant that the original note had been lost, misplaced or destroyed, but had not been pledged, mortgaged, hypothecated, encumbered or otherwise assigned. The American Savings Bank refused to accept the assignment of the mortgage without delivery to it of the original note. The Title Guarantee Company, as insurer for the bank, stated it would insure the validity of the original mortgage and replacement note but would raise an exception as to the future marketability of the original mortgage with the replacement note.

It is asserted that the bank, therefore, refused to give the loan unless the plaintiff satisfied the mortgage. The plaintiff did satisfy the mortgage but in so doing was required to pay an additional mortgage tax on the unpaid balance of the mortgage which amounted to $2,301.50.

It is plaintiff's contention that it was entitled to receive upon the assignment of the mortgage the evidence of the underlying debt, i.e., the original note together with the original mortgage, and since the original note was not produced and plaintiff was therefore required to satisfy the mortgage that plaintiff should recover the mortgage tax it was required to pay. Defendant urges that he was not required to deliver the original note and mortgage since a written assignment of the note and mortgage, when accepted and recorded by the assignee, is valid, regardless of whether the assignee comes into physical possession of the note and mortgage.

Initially, we do agree with the plaintiff's position that section 275 of the Real Property Law should be construed as requiring not only the execution of an assignment of mortgage when properly demanded, but in ordinary circumstances the mortgagee should also be required to transfer and deliver the original mortgage and the original bond or note. But, the question remains as to what the obligations and liabilities of the parties are where delivery of the original note is impossible, such as in the instant case. The issue is whether there is sufficient compliance with the Real Property Law, when the mortgagor is willing to deliver a replacement note together with an appropriate affidavit with respect to the loss of the original note.

We hold that the offer made by the defendant herein to deliver a replacement note with the afore-mentioned affidavit complied

with the requirements of section 275 of the Real Property Law. Such offer we believe adequately protected all parties concerned. To start with, physical delivery of the original note is not mandatory since the mortgage assignment, when accepted and recorded, transfers the interest in the note and mortgage by operation of law (see *Davin* v. *Isman,* 228 N. Y. 1; *Finn* v. *Wells,* 135 Misc. 53), where as here there is no doubt that there is an intent to so transfer the interest in the note and mortgage.

Nor is the plaintiff unduly subjected to any claim by a third party by being compelled to accept the assignment of mortgage without the original note. It is quite apparent that a note given in a real estate transaction in connection with a mortgage does not fall into the classification of a negotiable instrument. Certainly, absent affirmative proof this court is not and should not be required to presume that the note was negotiable. (*Wright* v. *Wright,* 54 N. Y. 437; *Peterson* v. *Meyer,* 105 Misc. 719.) We must therefore consider that the note originally given was nonnegotiable. Hence, the mortgagor could safely make payment upon the subject mortgage and underlying note without fear of being liable if the original note later turned up in the hands of a third party. As stated in New York Jurisprudence (vol. 42, Negotiable Instruments, § 582, p. 237): " The rule in regard to payment of a negotiable instrument to one not in possession does not apply in regard to a nonnegotiable instrument. Even though such an instrument has been transferred and is not in the possession of the payee, payment to such a payee made without notice of the rights of a transferee binds the transferee.'' And it has been held that an indemnity bond may not be required as a condition to payment upon a lost nonnegotiable instrument. (See *Zander* v. *New York Security & Trust Co.,* 178 N. Y. 208.)

It therefore follows that the bank and title company would not have been exposed to untoward liability by accepting defendant's tender and insuring the future marketability of the mortgage with the replacement note.

We note additionally, that the defendant by its tender followed what is recognized as the approved course of conduct under these circumstances. As stated in Harvey, Law of Real Property and Title Closing (vol. 2, § 583.01, pp. 977–978): " If the holder of the bond and mortgage has lost the bond, the mortgage should not be paid until an investigation as to the loss is conducted and appropriate affidavits obtained setting forth the facts and circumstances of the losses, and stating also that the bond had not been assigned, sold, pledged or otherwise hypothecated.'' Since there is nothing to indicate that an additional investigation was required and since in any event neither the bank nor

the title company indicated that it felt the need for any investigation, defendant's tender, as stated previously, satisfied his obligation under the law and pursuant to section 275 of the Real Property Law. Defendant's tender having been proper, plaintiff of course cannot recover the additional mortgage tax it paid upon satisfaction of the mortgage.

Accordingly, judgment should be directed in favor of defendant with costs and disbursements.

STEVENS, P. J., CAPOZZOLI, McGIVERN and STEUER, JJ., concur.

In submission of controversy to this court upon an agreed statement of facts, pursuant to CPLR 3222, it is unanimously ordered and adjudged that plaintiff is not entitled to recover the additional mortgage tax it paid upon satisfaction of the mortgage, and that defendant shall recover of plaintiff $50 costs and disbursements of this submission of a controversy.