OPINION OF THE COURT
William L. Ford, J.
This action, brought by plaintiff pursuant to article 15 of the Real Property Actions and Proceedings Law to compel the determination of any claims adverse to those of the plaintiff in and to a 14-acre parcel of land situate in the Town of Stillwater, Saratoga County, was tried by the court without a jury.
Plaintiff claims she holds such property as an innocent purchaser, for value, without notice of any other claims to title, by virtue of a deed dated August 23, 1945 from Elmer G. Bogle (Bogle), as Commissioner of Public Welfare of Saratoga County, to plaintiff, which deed was recorded in the office of the County Clerk of the County of Saratoga (County Clerk’s Office) on September 24, 1945 in Liber 428 of Deeds at page 480.
Defendants claim title to the same premises lies in the Luther Forest Corporation by a tax deed from the State of *904 New York (State) to one Thomas C. Luther (the father of Margaret Luther and Thomas F. Luther) dated September 23, 1927 and recorded in the County Clerk’s Office on April 14, 1928 in Liber 348 of Deeds at page 593. This deed was not indexed in the Grantor Book of Indices for the years 1923-1938 under the name of Willie or William B. Fuller by the State of New York to Thomas C. Luther until June 8, 1976.
The premises in question in 1881 were owned by one Willie G. Fuller by deed dated March 5, 1881 and recorded in the County Clerk’s Office on March 10, 1881.
Plaintiffs chain of title includes a deed from Will G. Fuller or W. G. Fuller to one Louise Smodell, dated March 27, 1912. Louise Smodell left all of her real property to William G. Fuller by will which was probated on February 18, 1929 and thereafter duly recorded, and William G. Fuller conveyed to Ralph C. Davis, Commissioner of Public Welfare of Saratoga County, a predecessor of Bogle.
Defendants’ chain of title goes back to Willie G. Fuller and is based upon the tax sale deed above mentioned which purportedly involved the tax sale of property of Willie, or William B. or William G. Fuller. Thomas C. Luther left his real property, including any interest in the involved premises, to Thomas F. and Margaret Luther. They, in turn, conveyed such real property to the Luther Forest Corporation in exchange for stock.
Each party claims a superior title in and to the same premises.
The defendants contend that plaintiff cannot be an innocent purchaser without notice because the deed from the State to Thomas C. Luther was recorded in 1928 and, though not indexed until 1976, such recordation was notice to the plaintiff. Defendants rely upon the provisions of section 291 of the Real Property Law. They argue that section 291 relates only to recording, does not mention indexing and was never amended to require indexing despite the amendment in 1924 to section 316 of the Real Property Law (L 1924, ch 582) which provided that the indexes are a part of the record of each instrument recorded.
Plaintiff disagrees and introduced testimony by a title searcher familiar with searching in Saratoga County who testified that a proper search of the back title in the deed acquired by plaintiff would show good title in plaintiff because of the failure to properly index the deed from the State to *905 Thomas C. Luther. Plaintiff argues that indexing was made a part of the recording statutes by the 1924 amendment and that the purpose of such amendment was to correct the situation created by the decision in Mutual Life Ins. Co. v Dake (87 NY 256) which held that indexing was not an essential or necessary part of the record. In that case, the Court of Appeals concluded (pp 264-265): "It may be that the index, both for convenience and safety, should be made a part of the record; but until it is so made by the legislature, we can but pronounce the law as it is.”
In the bill jacket collection pertaining to chapter 582 of the Laws of 1924 (Assembly Intro No. 1006, Print Nos. 1061, 1747) there is a memorandum to the then Governor’s Counsel by the President of the New York State Title Association. After referring to the holding of the Court of Appeals in Mutual Life Ins. Co. v Dake (87 NY 256, supra) the following appears in the memorandum in support of the amendment:
"It will be seen that the court recognized the necessity for the index being a part of the record but the legislature has not seen fit to amend the real property law until the present Act now before you for consideration.
"As I stated in my letter of the 14th inst. the lawyers, searchers and others desiring to ascertain the condition of the title to real property examine the records by making a search of the indices and rely entirely upon them.
"In our experience we have found many deeds, mortgages and other instruments of conveyance left off the index and we believe that if this Act becomes a law, it will make the indices absolutely dependable and be of great assistance to all those engaged in the examination of title to real estate.”
The last paragraph of section 316 of the Real Property Law now reads as follows: "Such indexes shall form a part of the record of each instrument hereafter recorded.”
In Chittick v Thompson Hill Dev. Corp. (230 App Div 410, 414) the Second Department wrote: "Indexing is no part of the record, and the omission of the register to index properly a mortgage or assignment cannot deprive a mortgagee or assignee of the right of priority given by statute. (Real Prop. Law, § 291; Mutual Life Ins. Co. of N. Y. v. Dake, 87 N. Y. 257.)”
In denying a motion for reargument in Chittick v Thompson Hill Dev. Corp. (232 App Div 818) the Second Department *906 stated: "The following phrase in the opinion 'indexing is no part of the record’ is incorrect. (Real Prop. Law, § 316.) The laches of the moving party, however, preclude the granting of a reargument; the reason given for failure to move in accordance with rule 19 being insufficient to warrant this court in disturbing the decision heretofore made.”
While the Court of Appeals in Chittick v Thompson Hill Dev. Corp. (259 NY 223) affirmed the opinion (in 230 App Div 410, supra), that court did not appear to pass upon the issue of indexing.
In Warren’s Weed, New York Law of Real Properly (4th ed, vol 4A, Recording, § 3.09), it is stated: "Today, in New York, the indexes are by statute a part of the record of instruments conveying an interest in real property.”
The court finds that plaintiff was not put on notice of defendants’ interest because the deed from the State to Thomas C. Luther was not indexed until June 8, 1976 under the name of Willie or William G. Fuller, who conveyed to Ralph C. Davis, Commissioner of Public Welfare (one of plaintiff’s predecessors in the chain of plaintiff’s title) by deed dated August 27, 1938 and recorded in the County Clerk’s Office on August 29, 1938.
[Balance of opinion omitted for purposes of publication.]