■ In the Matter of P & K MARBLE, INC., Appellant, v MICHAEL LA PAGLIA, as Sheriff of Ulster County, Respondent. —Mahoney, P. J. Appeal from a judgment of the Supreme Court (Klein, J.), entered August 4, 1988 in Ulster County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for failure to state a cause of action.

Petitioner obtained a $36,392 judgment against Arthur Pearce, who simultaneously held a $124,500 combination note and mortgage under which petitioner was the mortgagor. Petitioner docketed its judgment with the Ulster County Clerk on February 5, 1987 and thereafter delivered a property execution directing respondent to levy by seizure of the note and mortgage pursuant to CPLR 5232 (b) and sell it at public auction. Respondent refused, apparently because the note and mortgage was considered a nonnegotiable instrument under UCC 3-104 (1) (b) and, therefore, not capable of delivery so that the levy could only be by service of the execution pursuant to CPLR 5232 (a). Petitioner commenced this CPLR article 78 proceeding to compel respondent to levy by seizure of the note and mortgage and sell it at public auction. Respondent moved to dismiss the petition for failure to state a cause of action. Supreme Court granted the motion, and this appeal by petitioner ensued.

Since both parties agree that a money judgment may be enforced against any property which is capable of being assigned or transferred (CPLR 5201 [b]), and, further, that Pearce's note and mortgage is assignable and, therefore, property against which a money judgment may be enforced (cf., ABKCO Indus. v Apple Films, 39 NY2d 670, 674), the dispositive issue is whether CPLR 5232 (a) or (b) provides the proper means for respondent to levy upon the note and mortgage.

In the case at bar, petitioner seeks to levy by seizure upon an intangible property interest represented by a note and mortgage. However, a note given in connection with a mortgage in a real estate transaction generally is not a negotiable

instrument *(see, Felin Assocs. v Rogers,* 38 AD2d 6, 9). Indeed, the subject note and mortgage does not fulfill at least one of the requirements of a negotiable instrument as contained in UCC 3-104 (1) (b) in that it fails to contain an unconditional promise or order to pay a sum certain in money and no other promise except as authorized by UCC article 3. The note and mortgage contains numerous promises, such as to keep the mortgaged property insured, which are not authorized by UCC article 3. Since the property is represented by a nonnegotiable instrument, it is property not capable of delivery (CPLR 5201 [c] [4]). Therefore, pursuant to CPLR 5232 (a), it can be levied upon only by service of a copy of the execution. "Seizure of a non-negotiable instrument * * * will not operate as a levy upon the debt it represents" (6 Weinstein-Korn-Miller, NY Civ Prac ¶ 5201.11). Since petitioner refused respondent's offer to enforce the money judgment through levy by service of the execution pursuant to CPLR 5232 (a), it therefore follows that the judgment must be affirmed.

Judgment affirmed, with costs. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.