■ ROBERT ARNOTT et al., Respondents, v FORKASH REALTY CORP. et al., Defendants, and RESOLUTION TRUST CORPORATION et al., Appellants. [615 NYS2d 41] —In an action to recover damages, *inter alia,* for fraud, (1) the defendants Resolution Trust Corporation as Receiver of Yorkville Federal Savings and Loan Association, and the Dime Savings Bank of New York, F.S.B., separately appeal from so much of an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated September 11, 1991, as, *inter alia,* denied their respective motions for summary judgment, and (2) Resolution Trust Corporation as Receiver of Yorkville Federal Savings and Loan Association, appeals from so much of an order of the same court, dated April 14, 1993, as, *inter alia,* denied its motion to dismiss the complaint on the ground that the action was preempted by Federal law.

Ordered that the order dated September 11, 1991, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated April 14, 1993, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

As a threshold issue, Resolution Trust Corporation as Receiver of Yorkville Federal Savings and Loan Association (hereinafter RTC), argues that the complaint must be dismissed because 12 USC § 1821 vests certain Federal courts with exclusive jurisdiction over any claims against a financial institution that has been placed in receivership. However, when, as here, an action is commenced before the appointment of a receiver, 12 USC § 1821 does not divest the State court of subject matter jurisdiction (see, Ungar v Ensign Bank, 196 AD2d 204; Marquis v Federal Deposit Ins. Corp., 965 F2d 1148; Federal Deposit Ins. Corp. v Grillo, 788 F Supp 641; Berke v Resolution Trust Corp., 483 NW2d 712 [Minn]). Thus, the trial court correctly denied RTC's motion to dismiss the complaint.

Turning to the merits of the substantive claims, we hold that various issues of fact render summary judgment inappropriate at this stage of the litigation (see, Zuckerman v City of New York, 49 NY2d 557). O'Brien, J. P., Pizzuto, Joy and Krausman, JJ., concur.