■ RESOLUTION TRUST CORPORATION, Appellant, v BRIAN D. OBERGFELL, Respondent. [615 NYS2d 272] —In an action, *inter alia,* to foreclose a mortgage, the plaintiff, Resolution Trust Corporation as Receiver of Yorkville Federal Savings and Loan Association, appeals from an order of the Supreme Court, Richmond County (Leone, J.), dated April 14, 1993, which denied its motion to dismiss the defendant's counterclaims on the grounds that the counterclaims were preempted by Federal law.

Ordered that the order is affirmed, without costs or disbursements.

This case is related to *Arnott v Forkash Realty Corp.* (205 AD2d 651 [decided herewith]).

The defendant allegedly defaulted in his payments on a loan from the Yorkville Federal Savings and Loan Association (hereinafter "Yorkville") and Yorkville commenced this action to foreclose the mortgage it held on the defendant's property. The defendant counterclaimed, *inter alia,* to recover damages for fraud and negligence. However, during the pendency of the litigation, Yorkville was declared insolvent and placed into receivership with the Resolution Trust Corporation (hereinafter RTC). After it was appointed receiver, RTC moved to dismiss the defendant's counterclaims against Yorkville on the grounds that 12 USC § 1821 vests certain Federal courts with

exclusive jurisdiction over any claims against a financial institution that has been placed into receivership. However, when a claim has been interposed before the appointment of a receiver, 12 USC § 1821 does not divest the State court of subject matter jurisdiction *(see, Arnott v Forkash Realty Corp., 205 AD2d 651, supra* [decided herewith]; *Ungar v Ensign Bank, 196 AD2d 204; Marquis v Federal Deposit Ins. Corp., 965 F2d 1148; Federal Deposit Ins. Corp. v Grillo, 788 F Supp 641; Berke v Resolution Trust Corp., 483 NW2d 712* [Minn]). Thus, the trial court correctly denied RTC's motion to dismiss the complaint. O'Brien, J. P., Pizzuto, Joy and Krausman, JJ., concur.