■ VILLE DE PORT, INC., Appellant, v APPLE BANK FOR SAVINGS, Respondent. [625 NYS2d 628] —In an action to recover for mortgage taxes incurred as the alleged result of the failure of the defendant to produce the original note on an underlying mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Ramirez, J.), entered March 22, 1994, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant held a mortgage in the amount of $6,500,000, including several notes secured by the mortgage, constituting a lien on real estate owned by the plaintiff. The plaintiff sought to assign the mortgage to East New York Savings Bank. The defendant agreed to execute an assignment of the mortgage but could not produce the underlying notes. The defendant offered to execute a "lost-note affidavit", but the assignee purportedly would not accept the assignment without the underlying notes. As a result the plaintiff was allegedly forced to satisfy the mortgage and to enter into a new loan agreement.

In opposing the defendant's motion for summary judgment, the plaintiff has not produced any evidence that the defendant failed to make the appropriate offer to deliver an indemnity agreement and a "lost-note affidavit" to facilitate the assignment. Accordingly, it cannot be said that the defendant failed to comply with the requirements of Real Property Law § 275 regarding the discharge of the plaintiff's mortgage *(see, United States v Freidus,* 769 F Supp 1266; *Felin Assocs. v Rogers,* 38 AD2d 6).

Moreover, contrary to the plaintiff's contention, when a claim has been interposed against a financial institution be-

fore the appointment of a receiver, Federal law does not necessarily divest the State court of subject matter jurisdiction (see, Arnott v Forkash Realty Corp., 205 AD2d 651; Ungar v Ensign Bank, 196 AD2d 204).

We have reviewed the plaintiff's remaining contention and find it to be without merit. Bracken, J. P., Joy, Hart and Goldstein, JJ., concur.