■ PRIVATE CAPITAL CORP., Appellant, v PHILIP PASCUCCI et al., Respondents, et al., Defendants. [830 NYS2d 559]—

In an action to foreclose a mortgage, the plaintiff, Private Capital Corp., the current assignee of the subject mortgage, appeals from an order of the Supreme Court, Richmond County (Pizzuto, J.H.O.), dated March 25, 2004, which, after a hearing, in effect, to determine whether there exists a valid assignment of the subject note and mortgage, and upon a decision dated

January 6, 2004, (a) in effect, granted that branch of the cross motion of the defendants Phillip Pascucci and Louise I. Pascucci which was for a determination that the handwritten change to an assignment dated December 1, 1997, between Reliance Federal Savings Bank, as assignor, and German American Capital Corporation, as assignee, unilaterally substituting Wells Fargo Bank Minnesota National Association as indenture trustee of GRP/AG Real Estate Asset Trust 2000-1, as the assignee, is invalid and of no force and effect, (b) failed to determine the application of Wells Fargo Bank Minnesota National Association as indenture trustee of GRP/AG Real Estate Asset Trust 2000-1, in effect, for a determination that a subsequent assignment dated August 11, 2003, is valid and enforceable and (c), in effect, denied the motion by Wells Fargo Bank Minnesota National Association as indenture trustee of GRP/AG Real Estate Asset Trust 2000-1 to extend the duration of a notice of pendency on the subject property and directed the Clerk of Richmond County to remove the assignment from the record.

Ordered that the order is modified, on the facts, by deleting the provision thereof, in effect, denying the motion to extend the duration of the notice of pendency; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Richmond County, inter alia, for a determination of the application of Wells Fargo Bank Minnesota National Association as indenture trustee of GRP/AG Real Estate Asset Trust 2000-1, in effect, to determine that a subsequent assignment of the subject mortgage dated August 11, 2003, is valid and enforceable and, thereafter, for a new determination of the motion to extend the duration of the notice of pendency.

By order dated July 8, 2003, the Supreme Court, Richmond County (Maltese, J.), inter alia, held in abeyance a motion by Wells Fargo Bank Minnesota National Association as indenture trustee of GRP/AG Real Estate Asset Trust 2000-1 (hereinafter Wells Fargo) to extend the duration of a notice of pendency on the subject property pending its referral of the matter to a Judicial Hearing Officer (hereinafter the JHO) to hear and report on the validity of the purported assignment of the subject mortgage and note from Reliance Federal Savings Bank to Wells Fargo. By subsequent agreement the parties consented to authorizing the JHO to determine the issue.

The JHO properly reviewed an assignment of the subject note and mortgage dated December 1, 1997, between Reliance Federal Savings Bank, as assignor, and German American

Capital Corporation (hereinafter GACC), as assignee. At some subsequent point in time, after the note and mortgage had already been assigned by GACC to Greenthal Realty Partners, LP (hereinafter GRP), the December 1, 1997 assignment was altered by crossing out GACC as the assignee and substituting Wells Fargo therefor. As so modified, the assignment was recorded on May 20, 2002. The JHO also considered, inter alia, a purported "original assignment" from GRP to Wells Fargo, dated August 11, 2003, of the interest of GRP in the subject note, one month before the hearing, and four months after Wells Fargo moved to extend the duration of the notice of pendency. The record does not contain a copy of this subsequent assignment as an exhibit, although neither side disputes that such exhibit was offered to the JHO. An employee of the company servicing the various loan portfolios testified that her records indicated that Wells Fargo was an assignee of the note and mortgage in question. Notwithstanding that testimony, the proof was insufficient to prove that the parties to the assignment executed December 1, 1997 consented to the substitution of Wells Fargo as assignee. Therefore the referee properly determined that the December 1, 1997 assignment was invalid as a purported assignment of any rights to Wells Fargo (*cf. Chittick v Thompson Hill Dev. Corp.*, 259 NY 223 [1932]).

However, the JHO failed to determine the application of Wells Fargo, in effect, for a determination that the August 11, 2003 assignment was valid. The JHO should have considered the import of the purported "original assignment" dated August 11, 2003, not merely as an explanation of the alteration of the December 1, 1997 assignment, but as to whether, in view of the testimony of the employee servicing the loan, such circumstances were sufficient to establish that Wells Fargo owned the subject note and mortgage subsequent to the time it brought the instant motion, and in view of such circumstance, it had acquired standing to make the motion to be added as a party plaintiff (*see TPZ Corp. v Dabbs*, 25 AD3d 787 [2006]). We note that prior to referring the matter to the JHO, the Supreme Court had already determined that since Philip Pascucci and Louise I. Pascucci had appeared in the action and waived all defenses, they had no viable defense of statute of limitations (*see Lawrence Ave. Group, USA v Parnes*, 134 AD2d 172 [1987]). Moreover, the Pascuccis never alleged any circumstances in which the identity of the ultimate assignee had any legal significance to them. In view of these circumstances, the matter must be remitted to the Supreme Court, Richmond County, inter alia, for a determination of the outstanding issue of whether Wells Fargo eventually acquired a valid assignment capable of convey-

ance to the appellant and, thereafter, for a new determination of the motion to extend the duration of the notice of pendency. Miller, J.P., Santucci, Rivera and Lifson, JJ., concur.