SOPHIE LAWRENCE DUER, Plaintiff, *v.* EDMUND P. JAEGER, CHARLES SCHINKEL and JOHN CRUICKSHANK, Individually and as Trustees, Defendants.

KENT REALTY COMPANY, INC., Plaintiff, *v.* ALBERT FIRTH REALTY COMPANY, EUGENE MULLER and KATIE MULLER, His Wife, JOHN DAMICO, AXEL WESTERBERG, COOK SURE FIRE COMMUTATOR CO., EDMUND P. JAEGER, CHARLES SCHINKEL and JOHN CRUICKSHANK, Individually and as Trustees, and MARIE KATZ, Defendants.

(Supreme Court, Kings Special Term.)

*Mortgages — where an owner of property who had given first and second mortgages purchases the property under foreclosure of the first mortgage and gives a new purchase money mortgage, the second mortgages are revived, but the holder of the new purchase money mortgage is entitled to priority of lien over all other incumbrances.*

ACTION to foreclose mortgages.

J. Hunter Lack, for plaintiff.

McLeer & Dobson (James Crooke McLeer, of counsel), for defendants.

KETCHAM, Off. Ref. The Firth Realty Company made a blanket mortgage for $24,750 on a plot consisting of five lots. It then gave two second mortgages each for $1,750 and each covering one of the said lots.

Default having been made on the first mortgage, an action was brought to foreclose it and the owners of the second mortgages were made parties therein. By the judgment of foreclosure the amount found due was $26,676.82. On the foreclosure sale the entire plot

was sold for $27,750 to Christopher C. Firth, who assigned his bid to the Firth Realty Company.

This company borrowed $27,000 from the plaintiff in one of the above entitled actions in order to enable it to pay the referee the amount of this purchase, and on the same day, and all in the same transaction, obtained this $27,000, paid it to the referee, gave to the plaintiff five purchase money mortgages, one on each of the said five lots, aggregating $27,000, and received a deed from the referee.

The plaintiff Duer, above named, began her action to foreclose one of the separate mortgages taken by her. The owners of the second mortgages were not made parties to such action. Under judgment of foreclosure therein, the plaintiff bought in the premises involved, took title thereto from the referee, and at all times since has been in possession.

She now brings this action to reforeclose her mortgage because of her omission to bring in the owners of the second mortgages in her former action and herein she has impleaded these owners.

The other action is to foreclose another of the mortgages taken by the plaintiff Duer, as aforesaid, and assigned by her to the Kent Realty Company, in which the owners of the second mortgage are made parties.

From these circumstances there arise these questions in each of the two cases.

*First.* Did the purchase by the owner who was the maker of both the first and second mortgages originally on the premises, revive the lien of the second mortgages?

*Second.* If so, do the mortgages so revived take priority of lien over the purchase money mortgages made to the plaintiff Duer?

It is justly conceded by the plaintiffs that the lien of the mortgages held by the defendants was revived by the transactions hereinbefore set forth.

But this revival was effected not by the bid of Mr. Firth at the foreclosure sale, nor by his assignment thereof to the Fifth Realty Company. Up to the time when the company took conveyance from the referee, it held a place of repentance. It might have defaulted. The property might have been sold to another. It had not yet revived the junior incumbrances. It was only by taking title to the mortgaged premises and not by any overtures looking toward that end, that they consummated a revivor of the second mortgages.

When the referee's deed was made and therefore at the moment when the lien of these second mortgages was revived, the entire transaction consisted of the deed, the consequent restoration of the second mortgages, the extinction of the original first mortgage and the attachment of the lien of the new mortgages made to afford the purchase money paid to the referee.

These were all parts of a single and indivisible transaction in which no one of the several elements, or of the rights or relations affected thereby, was earlier in time than any of the others.

Before the deed was delivered, neither these new mortgages nor the old second mortgages were liens on the premises involved. As to time, they became liens " in one breath " and at the same instant. In time, neither became a lien ahead of the other. *Stow* v. *Tifft,* 15 Johns. 457; *Kittle* v. *Van Dyke,* 1 Sandf. Ch. 76; *Jackson* v. *McKenny,* 3 Wend. 233; *Rawson* v. *Lampman,* 5 N. Y. 456; *Dusenbury* v. *Hulbert,* 59 id. 541; *Boies* v. *Benham,* 127 id. 620.

In the application of the principles upon which it is held that the deed and the purchase money mortgage constitute one transaction, it is said in *Stow* v. *Tifft,* *supra:* " it can make no possible difference in the duration of the transit of this seisin (by the grantee in the deed) whether the mortgage be given to the grantor or to a third person. In either event, he gains the

estate in the same instant and by the same act which conveys it out of him.''

Hence, the only precedence which can be established for either of these mortgages is such as good conscience will accord.

The doctrine by which a second mortgage is revived by the act of the owner of the equity of redemption is purely equitable. It is satisfied and exhausted when the owner of the second mortgage is placed in the position of advantage to which good morals would assign him. It would be prostituted if by its assertion the owner of the second mortgage were given a benefit which was extravagant and inequitable, or another person was subjected to a flagrant injustice.

Between the owners of the second mortgages and the holder of the new purchase money mortgages priority of lien should unhesitatingly be given to the latter. Few words need be spent on the subject. To make these second mortgages over into first mortgages would be wrong. The person who took the new purchase money mortgages parted with the money which made possible the revivor. It was by her aid that the realty company took title and the second mortgages were restored.

If the defendants be accorded a lien subordinate to that of the plaintiffs they will have lost nothing and, indeed, have gained much. They had second mortgages, they lost them, they had them again.

If the plaintiff's mortgages be given the inferior lien, the second mortgages will have blossomed into first mortgages and their owners will have acquired an advantage for which there was no equitable consideration.

It is argued by the defendants that the company was guilty of a constructive fraud in buying the property and that the person who took the new purchase money mortgage was in privity with the company and so partook of its guilt.

These defendants, by the acceptance of the revival of their securities, are estopped from accusing anybody of fraud, either actual or constructive.

The owner of the equity of redemption when he purchases at a sale in foreclosure of a first mortgage restores the lien of a second mortgage which except for his purchase would be extinguished, and this is so, because to hold otherwise would make him guilty of a constructive fraud. He is thus acquitted of fraud by the law, and when he does the second mortgages the kindness of reviving his security albeit under the compulsion of the law, it is inconceivable that he has done any wrong. He is forced by equity into a place of honor and generosity.

Hence, when the new mortgagee advanced her money to pay for the property, she took no part in a wrongful act because it was exactly right. Whether privy to the revivor or not, her conduct was laudable and is not to be punished.

If these views be correct, there is no occasion to consider whether the plaintiffs are subrogated to the rights of the holder of the original first mortgage. In any event, the holders of the new purchase money mortgages are entitled to priority of lien over all other incumbrances.

Such will be the decision, and counsel are requested to submit findings accordingly.

Ordered accordingly.