GERTRUDE M. KOSSOFF, Appellant, *v.* MORRIS WALD and Another, Defendants, Impleaded with ABRAHAM GREENBERG, Respondent.

First Department, June 21, 1934.

*Jacob M. Zinaman,* for the appellant.

*Irving S. Finkston,* for the respondent.

O'MALLEY, J. We are here concerned with the sufficiency of a complaint which seeks relief in equity. Giving it every fair intendment the following facts must be deemed true.

The defendant Greenberg was the owner of real property incumbered by a first mortgage, held by defendant Norwood, and a second mortgage, held by plaintiff. Norwood, Greenberg and the defendant Wald, an alleged dummy for the owner, entered into a conspiracy to wipe out plaintiff's second mortgage. This was to be effected by the foreclosure of the first mortgage and the sale of the property to the owner through a purported purchase by Wald. The first mortgagee was to advance the expenses of the foreclosure. These were to be added to the existing first mortgage and a new first mortgage given back to Norwood in the amount of the original mortgage, plus expenses.

It is further alleged that the conspiracy was consummated; the first mortgage was foreclosed; Wald took title; no consideration passed except the making of a purchase-money mortgage in the amount of the original mortgage plus the expenses of the fore-closure; the owner remained in possession and continued to receive all rents, profits and income, Wald in the meantime acting merely as dummy, holding nominal title. The prayer for relief seeks (1) a vacatur of the foreclosure judgment; (2) setting aside of the sale and deed to the dummy Wald and of the mortgage executed after sale by Wald to Norwood; (3) an adjudication that plaintiff's second mortgage is a lien on the premises subject to the original first mortgage; and (4) an accounting for rents.

We are of opinion that a good cause of action in equity is stated. A creditor may not with his debtor so manipulate matters that another creditor is foreclosed of his rights while the debtor and conniving creditor retain their original positions. Far less may this result be accomplished, where, as here, not only collusion and conspiracy are alleged, but an intent from the outset to deprive the plaintiff of his rights under his mortgage lien.

The plaintiff, if the allegations of his complaint are established, will be entitled at least to the reinstatement of the lien of his second mortgage, subordinated to the Norwood mortgage in its original amount. (*Kansas City Ry.* v. *Guardian Trust Co.*, 240 U. S. 166; *Northern Pacific Ry.* v. *Boyd*, 228 id. 482; *Louisville Trust Co.* v. *Louisville, etc., R. Co.*, 174 id. 674; *Duer* v. *Jaeger*, 113 Misc. 743; *Wheeler* v. *Handy*, 123 id. 775; 2 Wiltsie Mort. Forec. [4th ed.] § 1038, p. 1314, and cases cited; *Otter* v. *Vaux*, 6 DeG., M. & G. 638; 21 Halsbury, Laws of England, Mortgage, p. 318, foot-note m.)

It follows, therefore, that the order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to the defendant, respondent, to answer within twenty days after service of a copy of the order to be entered hereon upon payment of said costs.

Finch, P. J., Merrell, Martin and Untermyer, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the defendant, respondent, to answer within twenty days from service of order upon payment of said costs.