KITTY KELLY STORES, INC., Respondent, v. EDISON NEW YORK STORES, INC., Defendant, and EDISON BROTHERS STORES, INC., Appellant. (Appeal No. 2.) — Order referring to an official referee a motion to set aside service of the summons on the appellant, a foreign corporation, in an action to restrain the violation of a covenant contained in a lease, affirmed, with ten dollars costs and disbursements. Lazansky, P. J., Young, Scudder and Tompkins, JJ., concur; Davis, J., dissents on the ground that there appears to be no question of fact to be submitted to the official referee. The record shows fully the facts concerning the manner of doing business of the defendant, and in my opinion the motion to set aside the service of process should have been granted.

GEORGE LARSEN, Respondent, v. ARCHIE V. SIMONSON, Appellant.— Action to recover damages for personal injuries resulting from a collision between a motorcycle driven by plaintiff and an automobile owned by defendant and operated by a third party with his permission. Appeal from judgment in plaintiff's favor. Judgment reversed on the facts and a new trial granted, costs to appellant to abide the event, unless within ten days from the entry of the order herein and service of a copy thereof upon the attorney for the respondent, the respondent stipulate to reduce the verdict to the sum of $11,903, by deducting therefrom the amount of the hospital bills, amounting to $1,075; in which event the judgment as so modified is unanimously affirmed, without costs. Unpaid bills from the hospitals, in the absence of proof that the charges were reasonable, were incompetent. (Gumb v. Twenty-third Street R. Co., 114 N. Y. 411; Parilli v. Brooklyn City R. R., 236 App. Div. 577.) Lazansky, P. J., Hagarty, Carswell, Tompkins and Davis, JJ., concur.

RICHARD LETTAN, Respondent, v. VAN DUSEN DEVELOPMENT COMPANY, INC., and Others, Defendants, and CASSANDRA A. STEIN, Appellant.— Order striking out the amended answer and granting summary judgment in a foreclosure action reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied. The two defenses interposed are sufficient under the principle of Kossoff v. Wald (241 App. Div. 483). Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.

SARAH LEVINE, Appellant, v. ELIAS STOLIAR, Respondent.— Action to recover damages sustained by plaintiff by reason of the overturning of defendant's car, in which plaintiff was riding as a guest. Judgment dismissing complaint at the close of the case reversed on the law and a new trial granted, costs to appellant to abide the event. Plaintiff proved facts as to defendant's negligence which require submission of the case to the jury. There was also some proof that within a week prior to the time of the accident there was a defect in the steering wheel, known to defendant. There was an additional question of fact for the jury: Did the accident happen because of a defect in the steering wheel, known to defendant? Under the circumstances the case should have been submitted to the jury. Lazansky, P. J., Hagarty, Carswell, Tompkins and Davis, JJ., concur.