CHRISTIE B. GARLASCO, Respondent, *v.* GILBERT M. SMITH and Others, as Liquidating Trustees of MANHATTAN BRASS COMPANY, and Others, Defendants, Impleaded with WERTSHORE REALTY CORPORATION, MANBRAS REALTIES, INC., and HARRY PALTROWITZ, Appellants.

First Department, April 9, 1937.

*Isidore Siegeltuch* of counsel [*Myron Butler* with him on the brief; *Siegeltuch & Butler*, attorneys], for the appellants.

*Samuel Robert Weltz*, for the respondent.

O'MALLEY, J. Upon the facts clearly and fully established by the plaintiff (not excepted to as found in the decision save in one instance) the relief granted was fully justified under the principles enunciated in our decision in *Kossoff* v. *Wald* (241 App. Div. 483).

It is urged, however, that a judgment of foreclosure and sale, entered before the commencement of this action, to which the plaintiff herein was a party defendant, is *res adjudicata* as to plaintiff's alleged cause of action. The facts upon which this action is predicated it is asserted might have been pleaded as a defense in the foreclosure action and the issue litigated therein.

In our view, however, the facts upon which this action is predicated could not have been interposed as a defense in the action to foreclose. Many of the overt acts of the conspiracy occurred subsequent to the commencement of the foreclosure action and even subsequent to the judgment of foreclosure and sale. Their discovery was impossible prior thereto. At the time the plaintiff would have been

required to interpose answer and plead defenses to the foreclosure action, the fact that the mortgagees had agreed to sell to Paltrowitz and the latter's intention to convey to Manbras Realties, Inc., were unknown to plaintiff, and could not have been discovered in the exercise of reasonable diligence. The provisions of section 1085 of the Civil Practice Act and the authorities relied upon by the appellants have no application. (See *Byrnes* v. *Owen*, 243 N. Y. 211, 218.)

There was sufficient evidence to justify a money judgment against the defendant Paltrowitz. From statements issued by the defendant Wertshore Realty Corporation the annual rents were estimated at $48,000 per annum, or $4,000 monthly. During the five months in question, therefore, there is an admission that some $20,000 was received as rentals. This the defendants did not controvert. The amount was not shown to have been used in any way in the maintenance of the building or for the discharge of any of the obligations of the corporation. The defendants, including Paltrowitz, were evasive and non-informing when queried as to the books of the company and other records. It was incumbent upon them, including Paltrowitz, to explain, if possible, what had become of the rents during the five-month period. Not having done so, Paltrowitz may not now complain that a personal money judgment has been entered against him.

Appellants' counsel appear to have reserved a full discussion of the merits of the appeal for their reply brief. This practice has heretofore been condemned and disapproved by this court. (*Ardolino* v. *Reinhardt*, 128 App. Div. 339.)

The judgment should be affirmed, with costs.

Martin, P. J., Dore and Cohn, JJ., concur; McAvoy, J., dissents and votes for reversal.

McAvoy, J. (dissenting). It appears that on October 21, 1929, in the corridor of the Supreme Court, New York county, defendant Harry Paltrowitz offered plaintiff the sum of $5,000 in settlement of plaintiff's claim against the Wertshore Realty Corporation, and that plaintiff refused to accept the offer unless he received a lease in return, whereupon he was informed that if he did not accept the settlement he would be wiped out. Mr. Paltrowitz then went over to Leon R. Jillson, and pointed out the plaintiff to Jillson. Mr. Jillson, although unknown to plaintiff, informed him that he (Jillson) was an attorney. Mr. Jillson handed plaintiff a paper, and, when plaintiff inquired what the paper was, Mr. Jillson informed him that it was a foreclosure, and if plaintiff did not accept the $5,000 he would get nothing. Mr. Jillson represented the trustees.

Counsel for defendants Wertshore Realty Corporation and Manbras Realties, Inc., moved to amend the answer to plead *res adjudicata* on the ground that plaintiff knew the facts (*i. e.*, of the collusion), and should have set them up in the foreclosure action. The motion was granted.

· There is a finding of fact in the decision to the ·effect that, in pursuance of the scheme, agreement and conspiracy, defendant Wertshore Realty Corporation, by the defendant Harry Paltrowitz, its officer and director, and the defendants liquidating trustees of the Manhattan Brass Company, by Leon R. Jillson, their duly authorized agent and attorney, on October 21, 1929, threatened the plaintiff that unless he would accept a certain settlement, offered in satisfaction of his claim then pending on trial before Mr. Justice HAMMER, any attempts on his part to enforce the claim against the defendant Wertshore Realty Corporation would be rendered unenforcible; and, simultaneously with the plaintiff's refusal to accept the settlement, Mr. Jillson served the summons and complaint in the foreclosure action upon the plaintiff, while the plaintiff was in the Supreme Court building.

It also appears that plaintiff consulted with his counsel after being served in the foreclosure action; that he duly appeared in the foreclosure action by his attorney, William Allen Murphy, whose notice of appearance waived the service of all papers and notices of all proceedings in said foreclosure action, except notice of sale and proceedings to obtain surplus moneys; that plaintiff interposed no defense to the summons and complaint in the foreclosure suit.

It thus appears that the plaintiff knew of the alleged conspiracy between the defendant Wertshore Realty Corporation and the liquidating trustees of the Manhattan Brass Company on October 21, 1929, the day he was served in the foreclosure action.

While it is true that he did not know at that time of the subsequent transactions whereby the trustees agreed to sell the premises to defendant Paltrowitz and Paltrowitz conveyed the property to Manbras Realties, Inc., plaintiff could have raised the question of the conspiracy between Wertshore Realty Corporation and the trustees in the foreclosure action. Having failed to do so, plaintiff is barred of all rights by the judgment of foreclosure and sale, and everything done thereunder and thereafter. (Civ. Prac. Act, § 1085.)

A party to a foreclosure action is bound by the judgment of foreclosure as to every cause litigated, or which could have been litigated, and the judgment cannot be attacked collaterally. (*Matter of Stilwell*, 139 N. Y. 337.)

The judgment of foreclosure and sale is *res adjudicata* as to the plaintiff here. (*Butterly* v. *Maribert Realty Corporation*, 234 App. Div. 424.)

The judgment should be reversed and judgment rendered in favor of defendants dismissing the complaint upon the merits, with costs.

Judgment affirmed, with costs.