Benjamin Brenner, J.
Defendants move for judgment on the pleadings pursuant to rule 112 of the Rules of Civil Practice or in the alternative for summary judgment pursuant to rule 113.
Where, as here, the motion is made for summary judgment, in which affidavits are permitted, conjointly with a motion for judgment on the pleadings, in which they are not, the latter motion must be decided without consideration of the affidavits submitted in connection with the former (Arverne Bay Constr. Co. v. Thatcher, 250 App. Div. 482).
The first phase of defendants’ motion for judgment on the pleadings is treated as one attacking the sufficiency of the complaint, and any defenses which are contained in the answer will not be considered (Lipkind v. Ward, 256 App. Div. 74).
Taking the allegations of the complaint that defendants perpetrated fraud and conspiracy to effectively remove plaintiff’s mortgage lien, their foreclosure, sale and realization of moneys from the property free of plaintiff’s said lien, as being all true and giving them every favorable inference, as we must on a motion of the character here involved (Abrams v. Allen, 297 N. Y. 52), I am of the opinion that a good cause of action in equity is stated (Kossoff v. Wald, 241 App. Div. 483). In the latter case, which is comparable to the one at bar, the court pointed to plaintiff’s right of reinstatement of the lien of a second mortgage disposed of through manipulation and connivance between the debtor and certain of his creditors. Defendants’ motion for judgment on the pleadings is thus denied since a sufficient cause of action is alleged entitling plaintiff to some, if not all of the relief prayed for. As to that phase of defendants’ motion seeking summary judgment, suffice it to say that the record before the court presents triable issues of fact which cannot be determined without a trial (Barrett v. Jacobs, 255 N. Y. 520).
Defendants have included by reference the filed papers in the foreclosure action as part of their moving affidavits. Although the official record reveals that plaintiff herein served a notice of appearance by an attorney demanding that a copy of all papers in said foreclosure action be served upon him and that plaintiff’s attorney was served with all papers —from the motion for judgment of foreclosure to the order confirming referee’s report of sale — such record does not negate the allegations of fraud and conspiracy charged in the complaint. Obviously, if the notice of appearance was served prior to the acts complained of and plaintiff was thereafter induced to withhold his *1036 answer, such service of the notice and receipt of subsequent documents in the foreclosure suit do not prejudice and are not inconsistent with his cause.
The motion is in all respects denied.
Settle order on notice.