Quinn, J.
(dissenting). Plaintiff moved for a directed verdict at the close of all the evidence. Over the opposition of defendant the motion was granted as to liability only.
Obviously defendant was in no position to refute plaintiff’s recital of her entirely subjective experience of biting into a sandwich and encountering a hard object which gave rise to what she described as a sharp pain in her tooth and the feeling of a rough edge on it. In such a state of the record it was error to direct a verdict in plaintiff’s favor. (Piwowarski v. Cornwell, 273 N. Y. 226, 229.) In the absence of a pleading admission or other concession, it is almost always error to direct a verdict in favor of the party having the burden of proof, even though the evidence be uncontradicted. (George Foltis, Inc. v. City of New York, 287 N. Y. 108, 122; Holmberg v. Donohue, 24 A D 2d 569; Matter of Lakin v. MV AIC, 23 A D 2d 488; Mercatante v. City of New York, 286 App. Div. 265, 268; 88 C. J. S., Trial, 667, 671, § 257, subd. g; 98 C. J. S., Witnesses, 479^484, § 542.) In contrast, Blum v. Fresh Grown Preserve Corp. (292 N. Y. 241) affirming dismissal of one of defendant’s counterclaims, highlights the far more frequent circumstance in which direction of a verdict is warranted, because of insufficiency of evidence, against the party having the burden of proof. But where, as here, the only evidence of the fact of injury, causal relation and consequential pain, suffering, disability and expense is the testimony of plaintiff, an interested witness, the question of her credibility, upon which her whole case turns, is peculiarly and necessarily for the jury. (Mercatante v. City of New York, supra.)
Furthermore, in proof of the cost and necessity of dental care and treatment, plaintiff did not so much as satisfy even the minimal requirements of CPLB 4533-a, relieving plaintiff of all but the need to produce a certified, paid bill as prima facie proof of the reasonable value and necessity of such dental services. Instead the court instructed the jury, “ what would be the reasonable expenses that the repair of the tooth, and this is a matter for you in your own experience in life to judge. *556 There is no expert, there is no dentist here. You six jurors will have to ascertain whether [sic] a family dentist with an office at 577 Madison Avenue would have charged ’ ’.
There is no warrant in the accepted rule of damages for such a charge. (Gumb v. Twenty-Third St. Ry. Co., 114 N. Y. 411; Larsen v. Simonson, 243 App. Div. 563; Goodson v. New York City Ry. Co., 94 N. Y. S. 10; 25-A C. J. 6., Damages, p. 240, § 185 [8]; 7A Warren’s N. Y. Negligence, 22-27, § 2.02 [2].) Inviting the jury to speculate on what a dentist in a certain community might say or charge for dental services supplied to plaintiff can hardly be permitted to serve as a substitute for at least some vestigial proof by competent evidence of the fair and reasonable value of professional services and their causal relation to the alleged negligence of the defendant. Defendant’s exception asserting “lack of medical testimony” was sufficient to preserve this error for review.
Zeal to more firmly establish, in this jurisdiction, the correct rule of the so-called “reasonable expectation test” and the smallness of the verdict, should not, in effect, be permitted, on appeal, to convert this $10,000 jury cause (with counsel on both sides) to the reduced status of a trivial small claims case. Yet that is the result accomplished here, to the great prejudice of defendant (which had no burden of proof), because it permits plaintiff to succeed on vague, amorphous considerations of substantial justice, despite acknowledged error in the trial court’s radical departure from basic principles of jury-trial practice and procedure (cf. CCA, § 1804).
The modesty of the verdict, instead of supplying a practical reason for affirmance, may very well reflect the jury’s skepticism of the merits of plaintiff’s claim, upon which they were not permitted to pass. The errors here are so fundamental that even if it could be said, within the liberal contemplation of CPLB 4017 (as amd. by L. 1973, ch. 233, § 2), that there was no appropriate objection or exception by defendant, the interest of justice would require reversal and a new trial. (Rivera v. W. & R. Service Station, 34 A D 2d 115, 117; Corcoran v. O’Brien, 21 A D 2d 838; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4017.09; 7 idem., par. 5501.11.) The judgment should be reversed and a new trial ordered.
Markowitz, P. J., and Frank, J. concur in Per Curiam opinion; Quinn, J., dissents in memorandum.
Judgment affirmed, without costs.