■ HERSCH HARMON et al., Appellants, v BENJAMIN STATFELD, Respondent.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Kings County, entered May 21, 1975, in favor of defendant, upon the trial court's dismissal of the complaint at the close of plaintiff's case, at a jury trial. Judgment reversed, on the law, and new trial granted, with costs to abide the event. No questions of fact were presented on this appeal. A car operated by plaintiff Hersch Harmon, and in which plaintiff Sarah Harmon was a passenger, ran into a pole; plaintiffs had borrowed the vehicle from defend-

ant. Both plaintiffs testified that the failure of the steering wheel to function properly was the cause of the accident. There was also testimony that defendant, approximately 10 days prior to the accident, was informed that major component parts of the steering system were badly worn. Defendant did not inform plaintiffs of the defects in the steering system prior to lending them the car. Under these circumstances, the jury should have been given an opportunity to decide whether the defects testified to caused the accident and whether plaintiffs should have been warned about potential dangers prior to their receiving the car. Plaintiffs were not required to disprove all other potential causes of the accident in order to establish a prima facie case (see *Swensson v New York, Albany Desp. Co.,* 309 NY 497; *Levine v Stoliar,* 243 App Div 563; *Markel v Spencer,* 5 AD2d 400, affd 5 NY2d 958; *Hunter v Ford Motor Co.,* 37 AD2d 335). Because a new trial is being granted, certain evidentiary points raised on this appeal should be resolved. At the new trial, Mrs. Harmon should be permitted to testify to Mr. Harmon's exclamation to her just prior to the accident. He was aware of the steering problem at the time of his statement and so testimony about the statement is admissible as within the *res gestae* exception to the hearsay rule. Mr. Profeta, the automobile mechanic, should be permitted to testify as to the advice he gave defendant when he discovered the worn parts. This is relevant as to defendant's knowledge of the condition of the car at the time he lent it to plaintiffs. As an expert with personal knowledge of the condition of the car, Profeta may also testify as to his hypothesis concerning the malfunction of the steering apparatus, provided a proper foundation is laid therefor. Gulotta, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.