■ LAWRENCE AVENUE GROUP, USA, INC., Substituted Plaintiff-Respondent, v HOWARD L. PARNES, Appellant, et al., Defendants.—Order, Supreme Court, Bronx County (Barry Salman, J.), entered March 12, 1986, which denied appellant Parnes' motion for leave to amend, withdraw his notice of appearance and waiver and serve an answer in this foreclosure action, unanimously reversed, on the law and in the exercise of discretion, with costs, the motion granted and leave granted to serve an answer within 20 days after service of the order on this appeal.

Appellant is the holder of a note and purchase-money mortgage executed by Jachant Realty Corp. on January 14, 1982 in the amount of $25,000. This was a second mortgage lien on 1106 Boynton Avenue, Bronx, New York, and was subject to a first mortgage held by Joseph Gammerman,

individually and as executor, with an unpaid principal balance of $166,830.02. Gammerman commenced this mortgage foreclosure action in June 1982, joining the owner (Jachant), the fee owner-mortgagor (Super Assets) and the second mortgagee (appellant). Both Super Assets and Jachant defaulted; appellant filed a notice of appearance and waiver.

Thereafter, the action lay dormant until May 1985, when Lawrence Avenue Group moved to be substituted as plaintiff, extend the notice of pendency and refer the matter to a Referee to compute the amount due before entry of final judgment of foreclosure and sale. Lawrence had obtained an assignment of Gammerman's first mortgage in December 1984, recorded on January 25, 1985. A deed was recorded the same date which transferred title from Jachant to Samuel's Foods Inc.

In August 1985, two months after Lawrence was substituted, appellant sought leave to withdraw his notice of appearance and waiver and to serve an answer (CPLR 3025 [b], [c]), contending that the subsequent events with respect to the assignment of the first mortgage and transfer of title raised issue as to whether these transfers were fraudulent, collusive and designed to extinguish his second mortgage interest. Respondents denied any relationship between Samuel's (owner) and Lawrence (first mortgagee).

However, this denial was challenged by certain factual allegations in the record. The assignment of mortgage and deed were recorded simultaneously and both contained a notation to be returned to the same law firm and individual within that firm. The new fee owner, Samuel's, listed its office address on the deed as c/o Carl Caller, who is also Samuel's agent for receipt of real estate tax bills and who had been designated by Lawrence as its agent for service of process. Furthermore, the deed to Samuel's had tax stamps indicating that only the sum of $2 conveyance tax was paid, which reflects that title had been transferred for less than the $10,000 consideration recited in the deed, considerably less than the amount of the first mortgage ($166,830.02). On this basis, appellant argued that there were issues as to the bona fides of the transactions in terms of whether the first mortgage had been transferred for less than fair consideration and the true relationship between the assignee (Lawrence) and the grantee (Samuel's). He contended that he should be afforded an opportunity for discovery on the issue of claimed collusion to extinguish his junior mortgage lien.

We find the allegations of fraud and collusion sufficient to

permit appellant an opportunity to serve a responsive pleading, particularly in light of the principle of liberality governing motions for leave to amend under CPLR 3025 (b). This is especially so since appellant has had no opportunity for any disclosure and in light of the unexplained three-year period of inaction by the first mortgagee. The facts alleged, namely, the same attorney for the assignment of the first mortgage and transfer of title, the same person listed as agent for the new fee owner and new mortgagee, and minimum and less than fair consideration, in our view, all sufficiently establish the merit of the claims sought to be addressed, within the discretionary scope of a motion for leave to amend *(East Asiatic Co. v Corash,* 34 AD2d 432).

Nor does the doctrine of laches preclude appellant's request to serve a responsive pleading. The action has been dormant for three years. The assignment of the first mortgage and transfer of title did not occur until 1985, when Lawrence was substituted as plaintiff in June 1985, and when appellant claims he first learned of the transfer of both interests. His motion for leave to serve an answer was made only two months later, in August 1985.

Moreover, while it appears that appellant might have an available remedy with respect to the fraud claim after a judicial sale of the premises *(see, Kossoff v Wald,* 241 App Div 483; *Garlasco v Smith,* 250 App Div 534, *affd* 276 NY 666; *cf., Dorff v Bornstein,* 277 NY 236, 240), no useful purpose would be served by relegating Parnes to await the foreclosure and sale and then seek to reinstate his mortgage interest. Bearing in mind the equitable nature of this foreclosure action, where it appears there may have been a collusive design to eliminate the junior mortgage interest, the issue may appropriately be raised and adjudicated in the foreclosure action rather than await a postsale remedy. Concur—Ross, J. P., Carro, Asch, Kassal and Smith, JJ.