Matter of Dixon v Rich (2021 NY Slip Op 07046)





Matter of Dixon v Rich


2021 NY Slip Op 07046


Decided on December 16, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 16, 2021

532719
[*1]In the Matter of Echo Westley Dixon, Appellant,
v
J. Rich, as Superintendent of Elmira Correctional Facility, Respondent.

Calendar Date:November 12, 2021

Before:Garry, P.J., Egan Jr., Lynch, Clark and Reynolds Fitzgerald, JJ.

Echo Westley Dixon, Marcy, appellant pro se.
Letitia James, Attorney General, Albany (Martin A. Hotvet of counsel), for respondent.



Appeal from a judgment of the Supreme Court (Rich Jr., J.), entered November 19, 2020 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner commenced this CPLR article 78 proceeding challenging a tier III disciplinary determination finding him guilty of violating multiple prison disciplinary rules. Following joinder of issue, Supreme Court determined that petitioner's challenges to the disciplinary determination — including that he received inadequate employee assistance, was denied the right to call a witness, that the Hearing Officer was biased and that the charges were in retaliation for various complaints against a correction officer — to be without merit and dismissed the petition. Petitioner appeals.
Petitioner contends that the disciplinary hearing "failed to comply with rules, directives, regulations, statutes and constitutional provisions" and that Supreme Court's "failure to consider these mandatory rules, directives, regulations, statutes and constitutional provisions further exacerbated the due process violation." Petitioner's contention, however, lacks any specific fact or reference to any specific law or rule to support his conclusory assertion. The brief is devoid of "a concise statement of the nature of the case and of the facts which should be known to determine the questions involved" as required by CPLR 5528 (a) (3). As such, the argument that petitioner attempts to advance is indecipherable and "escape[s] any meaningful appellate review" (Matter of Brown v Fischer, 120 AD3d 1517, 1518 [2014]; accord Matter of Rizzuto v Goord, 35 AD3d 1075, 1076 [2006]). Petitioner's attempt to remedy that deficiency in his reply brief is unavailing, "as issues raised by an appealing party for the first time in his or her reply brief are not properly before us" (Matter of Sarah KK. v Roderick LL., 183 AD3d 943, 944 [2020], lv denied 35 NY3d 911 [2020]; see Garlasco v Smith, 250 App Div 534, 537 [1937], affd 276 NY 666 [1938]).
Garry, P.J., Egan Jr., Lynch, Clark and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed, without costs.